HENRY VAN VOORHIS v. FLORENCE M. VAN VOORHIS.

*Divorce—Appeal by wife—Costs.*

The defendant having appealed from a decree granting complainant a divorce on the ground of adultery, and it appearing that she is without means, and that he is the owner of at least $25,000 of available property, defendant is allowed the sum of $775 for the expenses of her appeal.

Motion for an order for the payment of the expenses of an appeal from a decree of divorce. Argued February 9, 1892. Granted February 10, 1892. The facts are stated in the opinion.

*McGarry & McKnight,* for motion.

*Ward & Ward, contra.*

PER CURIAM.   Complainant filed his bill for divorce in the Kent circuit court, in chancery, where a decree was entered dissolving the marriage.   Motion is now made in this Court for an order to enable the defendant to appeal.

It appears that the complainant is the owner of at least $25,000 of available property, and that the defendant has no means whatever; that there was a large amount of testimony taken in the court below, the record containing over 3,000 folios, and that the cost of procuring a copy from the stenographer, and printing the record and briefs, together with clerk's fees, amounts to nearly $800, of which amount the defendant is unable to pay any part.   She presents these facts by affidavits which are not very much in dispute.   She also shows by the certificate of a member of the bar of this State, in good standing, that her claim of appeal is meritorious, and, in the opinion of the attorney, should be heard in this Court.   On the hearing of the motion here the solicitor for the complainant offers, if the order is made requiring the complainant to furnish the means to perfect the appeal, to do the printing, and this is assented to by defendant's solicitor.   Defendant's solicitor has already procured a copy of the stenographer's minutes, but it has not been paid for.   It is a case of great importance to the defendant, as the charges against her in the bill are of a character which affect her reputation for chastity.

We therefore grant the motion, and order that the complainant pay to the defendant or her solicitor the sum of $242 (being the cost of stenographer's minutes already procured by him, and costs of printing briefs,

and clerk's fees of this Court) within 10 days after service upon his solicitor of a certified copy of such order; that the complainant cause the whole of said record to be printed within 60 days from that date, and deliver the same to the clerk of this Court. It is further ordered that, unless the said $242 shall be so paid within the time limited herein, the defendant may procure the record to be printed, and that the complainant pay to the defendant or her solicitor, on demand, the full sum of $775 for such expenses. It is further ordered, should the said $242 be so paid, and the complainant refuse or neglect to cause said record to be printed within said 60 days, that defendant cause the same to be printed, and that complainant pay, on demand, the costs and expenses thereof, to the sum of $533.