## WELLS v. WELLS.

The Supreme Court has jurisdiction to grant temporary alimony and suit money pending an appeal in a divorce action, and this notwithstanding the circuit court, under Civ. Code, § 90, may grant such relief if applied to.

(Opinion filed, July 8, 1910.)

Appeal from Circuit Court, Butte County. Hon. WILLIAM G. RICE, Judge.

Action for divorce by George S. Wells against Maud B. Wells. From a judgment for defendant and an order denying a new trial, plaintiff appeals. Thereafter defendant moved the Supreme Court for temporary alimony and suit money pending the appeal. Motion granted.

*Maxwell & Armstrong* and *A. J. Plowman,* for appellant. *Granville G. Bennett* and *John R. Russell,* for respondent.

WHITING, P. J. The appellant brought this action in the circuit court seeking to obtain a decree of divorce against the respondent. The cause having been tried and a decree entered therein against the appellant and a new trial denied, the cause was appealed and is upon the present calendar of this court. The appellant has filed his abstract and brief upon appeal, and the respondent now comes into this court and seeks an order requiring the appellant to pay her certain sums of money as temporary alimony pending this appeal and suit money upon this appeal, and asks, further, that her time for filing brief and amended abstract upon appeal be extended until such order is complied with.

The appellant contends that this court has no jurisdiction to grant an order for alimony and suit money; it being the contention of the appellant that the granting of such order is the exercise of original jurisdiction and that, therefore, under the Constitution of this state, the power is not vested in this court. Appellant has presented us with an extensive brief, and it must be conceded that there is considerable authority to be found in support of his contention, but we are not convinced that this court has been in error in its former rulings upon this question. The appellant contends that section 90 of the Civil Code of this state, by which section it is provided, "while an action for divorce is pending, the court may, in its discretion, require a husband to pay as alimony any money necessary to enable the wife to support herself or her children or to present or defend the action," relates wholly to the trial court. We are inclined to agree with this and believe that, under said section, jurisdiction rests in the trial

court to grant temporary alimony and suit money even while a cause is pending in this court. Roby v. Roby, 9 Idaho 371, 74 Pac. 957, 3 Am. & Eng. Ann. Cases, 50; Bohnert v. Bohnert, 91 Cal. 428, 27 Pac. 732. Said section in no manner extends the rule of common law so far as the right of the trial court to grant an order for maintenance or suit money while a cause is pending therein. As was said by this court in the case of Grant v. Grant, 5 S. D. 1, 57 N. W. 948, in speaking of this same section: "The power to allow temporary alimony and counsel fees is extended to divorce cases, and is necessary to the ends of justice; and a statute like the one above referred to, requiring the husband to pay such sums as are necessary to enable the wife to carry on or defend such suit, is only confirmatory of the common law."

The question now before us was brought directly to the attention of this court by the briefs in the case of Pollock v. Pollock, 7 S. D. 331, 64 N. W. 165. Authorities were presented upon both sides of the proposition, and, although there is no discussion of such authorities and the decision therein is silent on this point, yet the court necessarily passed thereon, as it held that suit money should be paid in that case upon the appeal. And again in the case of Drake v. Drake, 21 S. D. 182, 110 N. W. 270, this court granted both alimony and suit money pending the appeal. That the granting of alimony and suit money is a mere incident to an action for divorce and an order therefor may be made by the court before which the cause is then pending is supported by the decisions of a large number of states. In Wagner v. Wagner, 36 Minn. 239, 30 N. W. 767, it was said: "The appellant makes the motion in this court for an allowance to enable her to present this appeal. We have no doubt of the power of the court, upon a proper showing, in a suit for divorce, to make an order requiring the husband to pay to the wife such sums as may be necessary to enable her to prosecute or defend an appeal in this court." Van Voorhis v. Van Voorhis, 90 Mich. 276, 51 N. W. 281; Id., 94 Mich. 60, 53 N. W. 964; Weishaupt v. Weishaupt, 27 Wis. 621; Prine v. Prine, 36 Fla. 636, 18 South. 781, 34 L. R. A. 87; Disborough v. Disborough, 51 N. J. Eq. 306, 28 Atl. 3; Lake v. Lake, 17 Nev. 230, 30 Pac. 878; 14 Cyc. 745. The Supreme Court of Mississippi in

the case of Hall v. Hall, 77 Miss. 741, 27 South. 636, say: "There is some conflict of authority as to the power of revisory courts, appellate or supreme, to make such orders. But the weight, in reason and numbers, is in favor of the power. 2 Nels. Div. & Sep. § 863, and cases cited. We adopt the reasoning that the power is incidental to, and inherent in, a court with jurisdiction to review cases for divorce. The wife should have counsel, and it is of the first importance that she should have them to aid the court in reaching a correct conclusion. The husband has an immense advantage if the wife be without counsel. The power must lodge in this court, as a necessity to the intelligent exercise of its revisory jurisdiction." In some of the cases above cited the courts seem to base their decision upon provisions in the state Constitution, giving to the appellate court jurisdiction to issue such writs as were necessary to carry out its appellate jurisdiction. We have no such provision in our Constitution, but we are fully satisfied that, as stated in the Mississippi case, the power to grant alimony and suit money is incidental to, and inherent in, a court with jurisdiction to review a divorce case, and we do not believe this power, incidental to the powers of this court, is in any manner taken away or diminished by the power given under the statute to the circuit court, under which power the circuit court, if applied to, might grant the relief asked for here.

From the showing made in this court, it appears that, pending the trial in the lower court and for the purposes of such trial, there was allowed to the respondent $300 attorney's fees, $50 suit money, as well as $40 per month as temporary alimony; that by the decree of such court, there was allowed to respondent for maintenance and support of herself and minor children the sum of $100 per month until June 10, 1912, and from that time on an increased sum for a fixed period; that appellant has failed to comply with the decree ordering payment of permanent alimony and stayed the enforcement of such decree by his undertaking upon this appeal, and he has filed herein an affidavit in support of his contention that he is financially unable to make any payments by way of alimony or suit money. It appears, however, that he has expended considerable money in his own behalf in this

litigation, that he has presented to this court a voluminous abstract, that his counsel have presented an elaborate brief both upon the merits and also upon this motion; and it stands admitted by him that he has expended or become indebted in a large sum of money on account of this action, the larger part of which money must have been expended on his own behalf. The trial court decided against this appellant, and certainly this court should see to it that respondent has an opportunity equal to the appellant to present her cause upon this appeal. We think justice requires that the appellant pay into this court for respondent within 30 days from service upon him of the order of this court the sum of $100 for attorney's fees, $100 for suit money other than attorney's fees, together with the sum of $40 for alimony, and that thereafter, on the 1st day of each and every month, during the pendency of this appeal, commencing with the 1st day of September, 1910, that he pay into this court the sum of $40 per month as temporary alimony for respondent, and it is so ordered. It is further directed that the order of this court requiring the above payments be personally served upon the appellant wheresoever such appellant may be found.