## TUTTLE v. TUTTLE.

Plaintiff was granted a divorce and $2.000 alimony, payable in four equal installments; defendant being required to execute a bond for $3,000 to pay the same. Defendant tendered plaintiff's attorney the first installment of $400 and offered to furnish the bond, but the payment was refused, and plaintiff appealed from the judgment for alimony. Defendant on appeal was required to pay suit money and temporary alimony pending appeal, whereupon plaintiff applied for an order requiring defendant to execute a bond to secure compliance with the order and such judgment for permanent alimoney as plaintiff should ultimately recover. Held, that since no judgment for permanent alimony would be rendered on appeal, but the award made by the trial court would either be reversed, modified, or affirmed, and the amount awarded at the trial was presumptively correct, the application would be denied; there being no reason to apprehend that defendant would not comply with the orders made.

(Opinion filed October 12, 1910.)

Application for an order requiring defendant to give security. Denied.

*A. W. Wilmarth,* for appellant. *Gardner, Fairbank & Churchill* and *W. A. Lynch,* for respondent.

For former opinion, see 26 S. D. 95, 127 N. W. 637.

HANEY, J. The trial of this action resulted in a judgment granting the plaintiff a divorce on the ground of extreme cruelty, awarding her permanent alimony in the sum of $2,000, payable in four equal installments, and requiring the defendant to secure such installments by a bond in the sum of $3,000, to be approved by the court. As soon as the judgment was entered defendant tendered to the plaintiff's attorney $400, and offered to furnish the required bond, but the plaintiff refused to accept the payment and proceeded to perfect an appeal from that part of the judgment awarding permanent alimony. No bond was given by the defendant. Subsequently this court made an order requiring the defendant to pay suit money and temporary alimony pending the appeal. Tuttle v. Tuttle, 26 S. D. 95, 127 N. W. 637.

The plaintiff and appellant now asks that respondent be required to execute a bond in such sum as may be deemed reasonable to secure compliance with the orders heretofore entered in this court, and such judgment for permanent alimony as she may

ultimately recover in this action. Even if this court possesses the power, which is extremely doubtful, to grant such an application, it should not be granted in this instance. The judgment of the circuit court is presumptively right; its award of permanent alimony presumptively sufficient. Such award will be either affirmed or modified and the cause remanded. No judgment for permanent alimony will be rendered by this court. Whatever judgment may ultimately stand in this action will be in the circuit court, to be enforced by the processes of that tribunal. The order of that court requiring respondent to give a bond continues in force unaffected by the pending appeal. Proceedings to enforce it would not deprive the appellant of her right to be heard in this court on the only ground presented by her appeal, namely, the amount of permanent alimony to which she is entitled. There is therefore no substantial reason why this court should require security so far as permanent alimony is concerned; the circuit court having provided the appellant with ample means of protection in that regard. Nor should respondent be required to secure the payment of suit money and temporary alimony heretofore ordered by this court, as he has so far complied with such orders with reasonable promptness, and there is no reason to apprehend he will not continue to do so.

Appellant's application is denied.