PETERSON, Respondent, v. PETERSON, Appellant.

(228 N. W. 804.)

(File No. 6545. Opinion filed January 31, 1930.)

*J. E. Whiting,* of Woonsocket, for Appellant.
*H. G. Giddings,* of Mitchell, for Respondent.

BROWN, P. J.  In this action a divorce was granted for the fault of the husband, and defendant appeals from that part of the judgment only making a division of property, and from an order denying his motion for a new trial in regard to such division.  The court found that plaintiff had title in her own name to lots 8, 9, and 10 in block 37 in the city of Woonsocket, and that this property was of the approximate value of $2,000; that defendant owned lots 1-24, inclusive, in block 54 in said city, which constitutes the residence and homestead of the parties and is of the approximate value of $3,000, subject to an incumbrance of $700; that defendant also owns an interest in the estate of his parents in Iowa of the approximate value of $2,000; that he claims an interest in certain personal property in Woonsocket, being a team, harness, wagon and tools, and equipment for cutting, storing, and selling ice; that actual ownership of this property appears to be in Ceceil E. Dow, a nephew of plaintiff, who is not a party to this action; and that the claim of defendant thereto is of but trifling value.

The court found that the defendant is an able-bodied man, able to earn a livelihood for himself and effect a reasonable saving by his own efforts.  No finding was made as to the age of either of the parties or as to the earning capacity of plaintiff, who is alleged in a counterclaim in the answer to be a strong, able-bodied woman and a practical nurse and capable of earning good wages.

By the judgment appealed from plaintiff is awarded all of the real estate hereinbefore referred to in the city of Woonsocket, all of the household goods and furniture, and all of the personal property in the home of the parties, except personal effects and wearing apparel of the defendant, and also all of the right, title and interest which the defendant might have in the personal property used in connection with the ice business, consisting of team, wagon, harness, tools, and equipment, including sawdust used in connection with said business, and defendant was required to convey the said real estate by deed of conveyance and to convey his interest in the personal property by a bill of sale within five days after the service of judgment upon him, and also to pay $50 attorney's fees and the costs of the action.

Appellant contends that this property division is unjust and inequitable and refers to the second subdivision of section 165, R. C., as amended by chapter 219 of the Laws of 1923, reading as

follows: "Where a divorce is granted for an offense of either husband or wife, the court shall in such action have full power to make an equitable division of the property belonging to either or both, whether the title to such property is in the name of the husband or the wife. In making such division of the property the court shall have regard for equity and the circumstances of the party."

No finding was made as to the value of either the household furniture or the ice equipment. On the motion for a new trial, defendant submitted affidavits showing that his interest in the estate of his parents in Iowa consisted of a one-sixth interest in a residence property which had been sold for $3,250 and an undivided interest in two second mortgages, amounting to $1,340 face value, if said mortgages were worth their face, but uncontroverted affidavits tended to prove that said second mortgages were valueless, as the land was not worth more than the amount of the first mortgages. Defendant's affidavit on the motion for a new trial also tended to show that lots 8, 9, and 10 in block 37 had been owned by defendant and that the same were transferred to his wife, through the medium of her nephew, Dow. But, disregarding all of the affidavits submitted on the motion for a new trial, the findings of the court show the real estate awarded to plaintiff to be of the value of $4,300 clear of all incumbrances, and she was also awarded household goods and other personal property of a value not determined, while defendant was awarded only his wearing apparel and the property in Iowa, found by the court to be of approximately $2,000 value.

■■ We think, taking into consideration the circumstances of the parties, this is not an equitable division of the property. We think a division of the property giving to each of the parties approximately one-half would be more in accordance with equity. This could be effected by awarding to defendant lots 8, 9, and 10 in block 37, on condition that defendant discharge the mortgage on the homestead, and by eliminating the provision in the judgment that defendant be required to make a bill of sale to plaintiff for his interest in the ice business equipment. This would give to plaintiff the homestead valued at $3,000, free of incumbrances, and all of the household goods and furniture, and give to defendant property valued at $2,000 and his interest in the Iowa property, and

would leave defendant free to assert his interest, whatever it might be, in the ice business equipment as against Cecil E. Dow.

The judgment and order appealed from are reversed, and the cause remanded with directions to the trial court to enter judgment in conformity to this opinion. No costs to be taxed on this appeal.

POLLEY, SHERWOOD, CAMPBELL, and BURCH, JJ., concur.