CALDWELL, Respondent, v. CALDWELL, Appellant.

(237 N. W. 568.)

(File No. 6987.   Opinion filed June 26, 1931.)

*Frank Vincent,* of Alexandria, for Appellant.
*H. G. Giddings,* of Mitchell, for Respondent.

ROBERTS, J. This is an appeal from a modified decree of divorce. Plaintiff brought an action for divorce charging cruelty, and was awarded judgment on November 30, 1926. Therein defendant was directed to convey to the plaintiff a residence in the city of Alexandria, and was also required to pay to the plaintiff the sum of $75 per month for her support and maintenance. Such payments were made a charge and a lien upon the real property owned by the defendant, and the court expressly reserved jurisdiction to revise the judgment as to alimony, by either increasing or diminishing the amount of the monthly allowance, in the event of changed conditions of the parties, or to make other provisions in lieu of monthly payments.

Defendant defaulted in the payment of nine monthly allowances, and plaintiff then applied for a modification of the divorce decree. After hearing upon the application for modification of the decree, the trial court entered findings of fact and conclusions of law in favor of the plaintiff, and entered judgment in conformity thereto. By this judgment the plaintiff was awarded the undivided one-half interest in and to a garage building in Alexandria, and the machinery, tools, and equipment therein used in connection with a garage business, and was also awarded a quarter section of land in Hanson county, subject to a mortgage of $5,000. Defendant was relieved from payment of delinquent and future installments under the original judgment. There is one assignment of error, and the sole question presented for review upon this appeal is whether or not the findings of fact made by the trial court justify the entry of the modified divorce decree.

The trial court found that the defendant was the owner of two quarter sections of land in Hanson county and a one-half interest in the aforementioned garage building and the equipment therein. The court fixed the value of one of the quarter sections of land, unimproved and incumbered by a mortgage of $5,000, at $9,600, and the value of the other quarter, improved and incumbered by a mortgage of $7,500, at $13,000. The residence property which the defendant conveyed to the plaintiff under the original decree was valued at $3,500. Defendant's one-half interest in the garage building and the machinery, tools, and equipment therein was valued at $5,000. The court further found that the defendant and one Robert L. Davidson, brother of the plaintiff,

had for several years, as copartners, conducted a garage business in the building referred to; that the marked decrease in the earnings of the copartnership business was caused principally by the misconduct of the defendant who used intoxicating liquors in excess, and neglected his business by absenting himself therefrom; that the defendant had not made a good faith effort to conduct a garage business and to earn money therefrom; that he had failed and neglected to pay taxes upon his properties; that the defendant had willfully wasted his money; that the default of the defendant in the payment of alimony under the original judgment had been caused by willful misconduct; and that if the defendant was left in charge of his property and income, he would continue to willfully misapply earnings therefrom. It is further stated in the findings of the court that the plaintiff was 65 years of age; that she had never had any other occupation except that of housewife; that she had no source of independent income except the amount of $8 per month which was her portion of rent derived from inherited property; that the actual and necessary living expenses of the plaintiff was at least $75 a month; that the defendant was 62 years of age, was in good health and was capable of earning his own livelihood; that the parties to this action had no material amount of property at the time of their marriage; and that the plaintiff contributed to the accumulation of the property by her assistance in the operation of their farm and by her thrift and good management. The court included within its findings on the application for modification of the divorce decree the findings filed in support of the original judgment. It appears therefrom that the plaintiff had been a faithful wife; and that the defendant had treated her with extreme cruelty, and had caused her grievous mental suffering.

The second paragraph of section 165, Rev. Code 1919, as amended by chapter 219 of the Laws of 1923, makes provision for the division of property on the granting of a divorce. It reads as follows: "Where a divorce is granted for an offense of either husband or wife, the courts shall in such action have full power to make an equitable division of the property belonging to either or both, whether the title to such property is in the name of the husband or the wife. In making such division of the property the court shall have regard for equity and the circumstances of the party."

██ ██ This statute is comprehensive in its terms. It does not prescribe the proportion to be allotted to each of the parties, but provides that there shall be an "equitable division." What may constitute such a ;division is necessarily dependent upon the facts, circumstances, and conditions in each particular action, and no fixed rule for an "equitable division" can be stated. Among the matters to be considered in making a division of property under this statute is the value of the estate; the manner in which the property was acquired; the ages of the parties, their health and competency to earn; and the cause for which the divorce was granted.

"The statute contemplates that the division of property, upon the dissolution of the marriage, shall be graduated among other matters by the quality of the offense of the delinquent." Walker v. Walker, 41 Nev. 4, 164 P. 653, 655, 169 P. 459.

"One of the circumstances the court must take into consideration and give due weight to is the important fact that one spouse has been cruel to the other, which cruelty has resulted in disrupting the home and marriage ties." Thomsen v. Thomsen, 31 Cal. App. 185, 159 P. 1054, 1055.

"Where, as in this case, the husband and wife have lived together until she is unable to perform hard labor, and have, by their joint labor, management and economy, acquired property sufficient to support them both comfortably when living together, certainly when the wife is forced by the misconduct of the husband to seek separation, she ought to receive sufficient property to support her comfortably, living alone, without reference to her ability to work and contribute to her own support." VanGordor v. VanGordor, 54 Colo. 57, 129 P. 226, 227, 44 L. R. A. (N. S.) 998.

It appears in the case of Williams v. Williams, 6 S. D. 284, 61 N. W. 38, that the real and personal property of the husband did not exceed $56,700 in value. An award of $30,000 to the wife was held to be excessive and the amount was reduced to $15,000, which, together with other payments of temporary alimony and counsel fees, was approximately one-third of the entire estate.

An award to the wife, who obtained a divorce by reason of the extreme cruelty of the husband, in Tuttle v. Tuttle, 26 S. D. 545, 128 N. W. 695, 697, was increased by the court on appeal to approximately one-third of the total value of defendant's property. In the opinion, the following comment is made: "Where there

are no children, and where the husband has property both real and personal, and the wife has none, and where there are no other controlling influences for considerations, she is entitled as a matter of course to at least one-third the value of his entire property."

In the case of Peterson v. Peterson (S. D.) 228 N. W. 804, where the wife was granted divorce for husband's fault, it was held that an equitable division of property would give to each of the parties approximately one-half of the property.

■ The value of the property which was awarded to the plaintiff was found by the trial court to be $13,100, and the equity in the improved quarter to be retained under the modified decree by the defendant was established at $5,500. Under the findings of the court, neither of the parties possessed a material amount of property at the time of marriage; the property involved represents the joint labor and economy of the thirty-five years of married life of the patries. Though the defendant has since the granting of the divorce decree been drinking excessively, spending money needlessly, and has been neglecting his business interests, there is no finding or contention that he was guilty of any such digressions during their married life. The fact that defendant may dissipate the property retained by him cannot be considered in the "equitable division' of the joint accumulations of the parties.

In determining an equitable division of jointly acquired accumulations, the respective ages of the parties and their ability to contribute to their own support should be considered. The plaintiff concededly, by reason of age and health, is unable to provide for her own necessities. Stress is placed by the respondent on the ability of the defendant to labor and to earn a livelihood. It appears that he was 62 years of age at the time of the trial, October, 1929. At this age, his ability to perform physical labor should not be given much consideration. The infirmity of age will undoubtedly soon render him incapable to efficiently perform physical labor and to support himself thereby.

■ Considering the circumstances presented in this record, we conclude that there should have been approximately an equal division of the property. This may be accomplished by permitting the defendant to retain title and possession to the garage building and the equipment therein, and by requiring him to pay to the plaintiff the sum of $1,200, to be divided in three equal install-

ments, $400 on August 1, 1931, $400 on August 1, 1932, and $400 on August 1, 1933; the judgment shall provide that each of the last two installments shall draw interest at the rate of 6 per cent from August 1, 1931, to date of payment, and that the said amount of $1,200, and interest thereon, shall become a first lien upon the one-half interest of the plaintiff in the garage building and the equipment therein. This will give the plaintiff the residence property, the unimproved quarter, and the sum of $1,200. The defendant will retain title to the improved quarter, and his interest in the garage building and equipment, subject to the lien for the payment of the award of $1,200. In lieu of all allowances for costs and disbursements including attorney's fee, the plaintiff shall have judgment for the sum of $200, not affected or to be affected, by any payment heretofore made for plaintiff's expenses of litigation, and not to be offset by judgment for costs in favor of defendant on former appeal.

The modified judgment appealed from is reversed, and the cause remanded, with directions to the trial court to enter judgment in conformity to this opinion. No costs to be taxed on this appeal.

POLLEY, P. J., and WARREN and RUDOLPH, JJ., concur.

CAMPBELL, J. (dissenting). Under all the circumstances presented by this record, I am of the opinion that the judgment of the learned trial court should be affirmed. I am, therefore, compelled to dissent.