BOHL, Appellant, v. BOHL, Respondent

(32 N. W.2d 690.)

(File No. 8959. Opinion filed June 3, 1948.)

**Louis H. Smith,** of Sioux Falls for Appellant.
**Stordahl, May & Boe,** of Sioux Falls, for Respondent.

RUDOLPH, J. The decree of the circuit court awards to the plaintiff, the wife, a divorce from the defendant, the husband. There is no appeal from this portion of the decree. The controversy in this court relates to the property division made by the trial court. The plaintiff has appealed contending that the trial court failed to award her the amount of property to which she is entitled under the facts and circumstances disclosed by the record.

The parties were married on December 23, 1939. There are no children of the marriage. Plaintiff, prior to her marriage, was employed as a stenographer and bookkeeper at a salary of $90 a month. The defendant owned and operated a package liquor store and tavern known as the Silver Dollar in partnership with another man. About a year after the marriage the defendant acquired the entire interest of the partnership and Mrs. Bohl commenced working in the tavern or store. She worked generally from noon until midnight assisting with the trade and also kept the books and accounts. The store prospered and permitted the accumulation by the parties of considerable money and property. At the time of the marriage the defendant owned a home in Sioux Falls at 1214 W. 7th Street. The value of this home was not gone into at the trial but defendant alleged in his answer that its value was $6,000. Defendant also owned the Silver Dollar Tavern and some cash and bonds, the amount of which is somewhat in dispute. In the year 1946 the parties built a new home at 1608 S. Summit Ave. where they continued to live until their separation before the trial. Such furniture as could be used from the W. 7th Street home was taken to the new home and some of the old furniture was sold and new furniture purchased and it appears that at the time of the trial the new home was completely furnished with furniture, linens, blankets, utensils, dishes and household effects of all kinds necessary for this home. This new home was built at a cost of something over $11,000 and had a value at the time of the trial of $13,500. The furniture was of a value of $1,500. In addition to the home in which the parties lived there had been acquired a small house at 714 S. Conklin, Sioux Falls, which was of a value of $3,000 to $3,200 and rented for $20 a

month. The parties also owned at the time of the trial several bonds of a face value of $2,250 and of a cash value of $1,723.50, a 1937 Buick automobile at the value of $400, the Silver Dollar Bank account of $1,728, defendant's personal account of $1,500 and a savings account of $132.35 and $352.80 in cash. At the trial the testimony disclosed that the Silver Dollar store had a value from $6,000 to $8,500 although it was alleged in defendant's answer that the store had a value of $9,000. From this property the trial court awarded the plaintiff the house located at 714 S. Conklin, with a value fixed at $3,000, the savings bonds with a cash value of $1,723.50, the automobile with a value of $400, a Magnavox radio which cost $411 and $2,500 in cash to be paid at the rate of $200 per month. The total of the property thus awarded plaintiff amounts to $8,034.50. The value of all of the property of the parties at the time of the trial after deducting $1,600 of indebtedness was roughly from $34,000 to $37,000 depending upon the value of certain items especially the liquor store. It appears that the defendant was disabled in World War I and has been drawing compensation at the rate of $50 a month. However, it further appears that his disability is not such that it interferes with his work in the liquor store and while he testified he would not be able to do hard physical work, he nevertheless carries on a normal life. The plaintiff is in good health and capable of carrying on her former occupation as a stenographer and bookkeeper. This statement of facts is sufficient for our present purpose.

Respondent has moved to dismiss the appeal. This motion is based upon a showing that since the entry of judgment appellant has reduced to cash the bonds of the face value of $2,250, which bonds were held in the name of the plaintiff and awarded to her by the court's decree, that appellant and her former counsel accepted the payment of $750 attorney fee awarded by the decree, and appellant has the possession and use of the automobile. Respondent relies upon the general holding that one who accepts benefits under a decree or order of the court is estopped from appealing therefrom. Male v. Harlan et al., 12 S. D. 627, 82 N. W. 179; Lounsbery v. Erickson, 16 S. D. 375, 92 N.

W. 1071; Silvius v. Brunsvold, 32 S. D. 252, 142 N. W. 944; Pithan v. Wangler, 29 S. D. 549, 136 N. W. 1084, Schmuck v. Sampson, 72 S. D. 224, 32 N. W.2d 567. However, this general holding is not without qualification. The qualification is stated in 2 Am. Jur., Appeal and Error, § 215, as follows:

"The general rule * * * is subject to an exception which has been recognized and allowed in specific instances and a great variety of cases, enough, perhaps, to give rise to a new rule that where the reversal of a judgment cannot possibly affect an appellant's right to the benefit secured under a judgment, then an appeal may be taken, and will be sustained, despite the fact that the appellant has sought and secured such benefit. Thus, it is possible for the appellant to obtain a more favorable judgment in the appellate court without the risk of a less favorable judgment from a new trial of the whole case there or in the lower court, then the acceptance of what the judgment gives him is not inconsistent with an appeal for the sole purpose of securing without a retrial of the whole case, a decision more advantageous to him."

■ Appellant is in this court asking for relief in addition to that awarded her by the trial court. The property which she is alleged to have accepted under the decree is personal property only, and is not in such an amount that it is probable that less might be awarded to her. Appellant, therefore, by using or accepting this property which under the decree was awarded to her has done nothing inconsistent with her present position. She is simply in this court seeking a judgment more favorable than that awarded by the trial court, without risk of ever being awarded a judgment of less than the amount she has accepted under the decree. Cunningham v. Cunningham, 60 Nev. 191, 102 P.2d 94, 105 P.2d 398; Browning v. Browning, 208 Cal. 518, 282 P. 503; Bass v. Ring et al., 210 Minn. 598, 299 N. W. 679, 169 A. L. R. 980.

■ On the merits it should be kept in mind that the divorce was awarded the wife for an offense of the husband. This fact is important in making an "equitable division" of

the property owned by the parties under SDC 14.0726. In the case of Tuttle v. Tuttle, 26 S. D. 545, 128 N. W. 695, 697, this court said:

"In arriving at what is a just and equitable amount of permanent alimony that should be allowed the wife, on separation by divorce for the fault of the husband, various matters should be taken into consideration. The value of his property both real and personal, and his capacity to earn money, the value of her property, the age and health of each, the position of each in society, the faults of each as to the cause of the separation, the care and custody of the children, and all such kindred questions may and should be considered. Where there are no children, and where the husband has property both real and personal, and the wife has none, and where there are no other controlling influences or considerations, she is entitled as a matter of course to at least one-third the value of his entire property. 2 Bishop, Mar. & Divorce, § 464. Permanent alimony is that provision which the law makes for the support of the wife, or of her who was the wife, out of the estate of the husband after separation, in lieu of his common-law obligation to support her as his wife, if they should have continued living together. She was entitled to and had his support out of all he possessed, including earnings. When he has broken up that relation, so that she can no longer partake jointly with him of such support, the law sets apart to her enough of his estate, including earnings, to make an equivalent of what she is denied by his fault. Less than that would be to put a premium upon the husband's abandonment of his wife. Muir v. Muir, supra [133 Ky. 125, 92 S. W. 314, 4 L. R. A., N. S., 909]. How much in judicial reason should she be allowed? 'If, to determine what proportion of the joint income the wife should have for her alimony, we look into what the law has established for other things, we shall conclude that the causes must be rare in which it ought to be less than one-third.' "

Under the rule thus announced in the Tuttle case the court is not obligated to consider when the property was accumulated when the husband is at fault. Peterson v. Peterson, 71 S. D. 314, 24 N. W.2d 35. In this case we find no fact

or circumstance which should reduce the amount awarded to the wife to less than one-third of the property belonging to either or both of the parties. This marriage continued for approximately eight years, during which time the plaintiff directly assisted in the accumulation of much of the property owned by the parties at the time of the separation. Appellant is forty years of age and her opportunity to again be advantageously married is not good. Respondent is a capable businessman and will have the means to carry on. A search fails to indicate any case where this court has approved an allowance of less than one-third where the divorce is awarded because of the husband's fault. Tuttle v. Tuttle, supra, Hurle v. Hurle, 42 S. D. 558, 176 N. W. 510; Fargo v. Fargo, 47 S. D. 289. 198 N. W. 355; Peterson v. Peterson, 56 S. D. 399, 228 N. W. 804; Caldwell v. Caldwell, 58 S. D. 472, 237 N. W. 568; Peterson v. Peterson, 71 S. D. 314, S. D., 24 N. W.2d 35; Drake v. Drake, 27 S. D. 329, 131 N. W. 294. In the case of Habeck v. Habeck, 51 S. D. 455, 214 N. W. 846, the husband appealed and the only question presented was whether the allowance made by the trial court to the wife was reasonable as to the appellant husband. Under the record as made in this case we are not inclined to attempt any division of the property in this court. The judgment is reversed and the trial court is directed to hear such additional evidence as either party cares to submit, and from such evidence now in the record, make findings of fact as to the amount and value of such property, and based upon such findings make an award to the wife of at least one-third of the property owned by either or both of the parties.

ROBERTS, P. J., and SMITH and SICKEL, JJ., concur.

HAYES, J., concurs in result.