HOSS, Respondent, v. HOSS, Appellant

(48 N. W.2d 226)

(File No. 9180.   Opinion filed May 31, 1951)

Rehearing denied July 17, 1951

**Chas. E. Gorsuch,** Aberdeen, for Appellant.
**Elmer Thurow,** Aberdeen, for Respondent.

PER CURIAM.   The decree below granted the wife a divorce for the fault of the husband and awarded her property and money of the aggregate value of $8,000.   The husband's property was found to be of a value in excess of $17,-000 and the wife was not shown to have any property. Shortly after the parties were married the husband was convicted of homicide and was thereafter confined in the penitentiary. Predicated upon the age and health of the parties, the brief period they lived together, and the liberal provision made by the husband for the wife over most of a period of months preceding the commencement of the action for divorce, it is

contended by the husband that the allowance made to the wife is excessive.

The applicable statutes and decisions have been recently considered in Bohl v. Bohl, 72 S. D. 257, 32 N.W.2d 690, and in Peterson v. Peterson, 71 S. D. 314, 24 N.W.2d 35. This record has been carefully considered in the light of those decisions.

By a finding that has not been effectively questioned it is established that owing to the peculiar circumstances surrounding the husband's conviction and this marriage, for which the wife was in no manner responsible, she has been shunned by society, refused employment and damaged in health. The court was warranted in believing that she must go elsewhere to re-establish herself and regain her health.

■■ As a minimum, the divorce being for the fault of the husband, she was entitled to such a provision as would replace the support she would have received had not the marriage been blighted. Tuttle v. Tuttle, 26 S. D. 545, 128 N.W. 695. In addition the court was entitled to consider the special circumstances we have mentioned. Looking to those facts in connection with the manner in which the wife was accustomed to live, the comparative ages, health and wealth of both parties, we cannot say that the trial court erred in making an $8,000 gross allowance to the wife.

The judgment of the trial court is affirmed.

RUDOLPH, P. J., and ROBERTS and SMITH, JJ., concur.

SICKEL and HAYES, JJ., dissent.