ALWIN, Respondent, v. ALWIN, Appellant

(49 N. W.2d 296)

(File No. 9221. Opinion filed September 10, 1951)
Rehearing denied November 13, 1951

**W. M. Potts,** Mobridge, for Appellant.

**H. George Taggart, Jr.,** Timber Lake, **Arend E. Lakeman,** Mobridge, for Respondent.

LEEDOM, J.  Plaintiff, the wife, was granted a divorce below and awarded in full settlement of her property rights approximately one-half the value of all the property accumulated by the couple in thirty years of married life.  Defendant's appeal raises the question of the sufficiency of the evidence to support the court's findings of extreme cruelty and value of the property; and urges that the allowance of property to the wife is excessive.  Except for the modification hereafter directed we affirm the judgment from which the appeal is taken.

There is direct conflict in the evidence on respondent's allegations of the husband's extreme cruelty and on appellant's counterclaim for divorce on the same grounds. We have carefully considered all the evidence and inasmuch as we do not find a clear preponderance against the findings of the trial court we accept the determination made below

that appellant was guilty of treating his wife, respondent, with extreme cruelty; and that the property accumulated Through the years by the joint effort of the parties exceeded $20,000 in value. Peterson v. Peterson, 71 S. D. 314, 24 N. W.2d 35; Housman v. Housman, 55 S. D. 548, 226 N.W. 755, 756; Habeck v. Habeck, 51 S. D. 455, 214 N.W. 846.

■ This court has in numerous decisions construed the statute authorizing the trial court to make an equitable division of property and has enumerated the factors to be considered. We believe the allowance made to the wife by the trial court of approximately half the value of the accumulated property is not inequitable; and that the award is in harmony with former decisions of this court not only as to its proportion but also the method employed to transfer the value by a substantial payment in money followed by monthly payments secured by a lien on the property. Caldwell v. Caldwell, 58 S. D. 472, 237 N. W. 568; Peterson v. Peterson, 56 S. D. 399, 228 N. W. 804.

The judgment provides that respondent have a lien on all the property, both real and personal, specifying it in great detail. Such provision we regard as a reasonable protection of respondent's rights except insofar as the lien extends to innumerable items of little value and of such kind as to become worthless through use or subject to exchange for new in the practical operation of a farm. The lien to this extent is of little value to respondent and in our opinion an undue burden on appellant's future operations.

The judgment also provides that respondent have "one half of all of the household goods, furniture, and fixtures, of her own selection". The relationship of the parties as shown by the record is such that this provision of the decree cannot in all probability become effective without further difficulty.

■ We direct that the circuit court modify the lien provision of the decree to apply the lien to the real estate and only such a limited number of substantial items of personal property as will fully protect respondent and yet not unduly hamper appellant's farming operation; and also modify the judgment by specifying which, if any, of the house-

hold goods, furniture and fixtures remaining in appellant's possession shall be respondent's property.

■ We deem reasonable the allowance of $400 suit money and attorneys' fees, plus taxable costs, as well as the temporary alimony allowance made to respondent.

Respondent has requested in the brief an alternative judgment designed to prevent a willful avoidance by appellant of respondent's rights under the judgment entered. We regard the judgment, as we have directed its modification, adequate protection to respondent. The matter of execution of the judgment is not before us.

■ The case is remanded with instructions to the circuit court to modify the judgment only to the extent hereinbefore directed and as so modified the judgment of the circuit court shall be and is in all things affirmed. No costs shall be taxed in this court.

All the Judges concur.