KUEHN, Respondent, v. KUEHN, Appellant

(55 N. W.2d 70)

(File No. 9298. Opinion filed October 13, 1952)

**Davenport, Evans, Hurwitz & Smith,** Sioux Falls, for Plaintiff and Respondent.

**T. R. Johnson,** Sioux Falls, for Defendant and Appellant.

HANSON, Circuit Judge.   The trial court granted the plaintiff, wife, a divorce for an offense of the defendant. That issue was not contested by the defendant at the trial and no appeal is taken therefrom.   Defendant's appeal questions whether or not the property division and alimony provisions are equitable and whether or not the trial court erred in fact findings relative thereto.

The parties to this action were married in October, 1934. At the time both were well educated, in good health, and enjoyed comparable social and economic backgrounds as members of prominent families.   The marriage was without issue.   Following the marriage the defendant was employed in wholesale companies owned by members of his family. This employment terminated in July, 1946, upon the liquidation of such companies.   The defendant's salary from 1934 to 1946 varied from $225 to $250 per month.   During this period of time the marriage was apparently a happy and congenial one.

In 1938 the plaintiff became afflicted with diabetes. This necessitated for her a regimented schedule of exercise, rest,

diet, tests and medication. The doctors referred to the plaintiff's condition as fragile, unpredictable or severe. The plaintiff was able to take the required tests, administer insulin, and properly control her diet so that such affliction was in no manner a disrupting force to the marriage. The plaintiff's condition, however, was aggravated by nervous strain and worry and the trial court found that such condition would prevent her from pursuing any gainful employment.

In 1941 the parties purchased a home in Sioux Falls for $8,250. Title to the same was in joint tenancy. The trial court found that both parties contributed to the purchase of their home and that its present value was $20,000 and the furniture and contents were of the value of $3,500.

With the exception of a small venture in a soap business the defendant was not gainfully employed from July, 1946, to April, 1949. In April, 1949, the defendant purchased the Century Equipment and Supply Company of Sioux Falls, which he still owns and operates. The income from that business has been nominal, due largely to the defendant's intemperate use of intoxicating liquors. The trial court found that for at least five years past the defendant has been guilty of habitual intemperance in the use of intoxicating liquors to the extent of disqualifying him from properly attending to business, and that the same was the sole cause for the disruption of this marriage.

██ It would serve no useful purpose to here detail all the facts or separately consider all of the assigned errors respecting the findings made by the trial court. Characteristically the evidence in this case was not entirely harmonious and the trial judge was required to resolve the resultant conflicts. In this regard the court has repeatedly stated: "The judge of the trial court had the parties before him and heard the witnesses testify and he had better opportunity than this court to determine the weight to be given to the evidence submitted. Where there is a conflict of evidence, and there is no clear preponderance of evidence against the findings of the trial court, its findings will not be disturbed by this court". Habeck v. Habeck, 51 S. D. 455, 214 N.W. 846, 847. We have carefully reviewed the entire record in this case which shows that each finding of the trial court

is founded upon substantial evidence. There is no clear preponderance of the evidence against those findings, therefore, there is no error respecting the same.

From 1938 to 1948 the plaintiff received varies sums of money and property by way of inheritances. During this period she contributed over $16,000 for family purposes, reduction of the mortgage on the home, and purchase of securities. To partially compensate the plaintiff for such contributions the defendant, in July 1950, transferred certain shares of stock and property interests to the plaintiff, having an agreed valuation of approximately $13,000. The court found that including the assets transferred to plaintiff by the defendant, and including the half interest in the home and its contents, the plaintiff at the time of trial had assets totalling approximately $52,000. That with the exception of a Buick automobile, the half interest in the home, and the securities transferred to her by the defendant, the plaintiff's assets were acquired by her through inheritance and services performed by her for members of her family. The court further found that the defendant had total assets amounting to $63,559.66, including a half interest in the home and furniture, the Century Equipment & Supply Company, insurance policies, bonds and securities. Practically all of the defendant's assets were acquired during the marriage of the parties and by their joint efforts. These assets are subject only to a debt of $5,000 due defendant's father. In addition to those assets the defendant is one of two residuary beneficaries of the Nellie Rogers Carter estate. The residuary portion of the estate was valuded at $50,000 in 1928. However, it is subject to the use of defendant's mother who is now 68 years of age.

The division of property made by the trial court simply allowed the parties to retain their respective property and assets, subject to the following adjustments, viz.: The plaintiff was granted the sole ownership of the house and its contents; the defendant was required to pay plaintiff the sum of $3,000 as further reimbursement for the cash contributions made by her during the marriage; and the defendant was given title to the Buick automobile.

The court further found that plaintiff's prospective income from investments will amount to $1,987.40 annually and to maintain her according to her station in life, and standard of living during her marriage, requires not less than $300 per month. In order to equalize the difference between plaintiff's need and prospective income the defendant was ordered to pay the plaintiff the sum of $135 per month. To insure the payment of such alimony the defendant was required to deposit certain insurance policies, in the face amount of $10,000, in trust and pay the premiums thereon. The defendant was further enjoined from transferring or in any manner hypothecating certain bank stock, unless permitted by the court to do so.

■■ When a divorce is granted for an offense of the husband the trial court has discretionary authority, under SDC 14.0726, to make both a suitable allowance to the wife for her support and to make an equitable division of the property belonging to either or both of the parties. This court in numerous decisions has construed the above statute and has enumerated the salient factors that may properly be taken into consideration in making an equitable division of property and a suitable allowance to the wife under the same. Tuttle v. Tuttle, 26 S. D. 545, 128 N.W. 695; Caldwell v. Caldwell, 58 S. D. 472, 237 N.W. 568; Peterson v. Peterson, 56 S. D. 399, 228 N.W. 804; Bohl v. Bohl, 72 S. D. 257, 32 N.W.2d 690; Alwin v. Alwin, 74 S.D. 111, 49 N.W.2d 296; Peterson v. Peterson, 71 S.D. 314, 24 N.W.2d 35. Tested in the light of the many related decisions of this court, and the facts and circumstances in this case, the division of property and allowance to the plaintiff is fair, equitable and just. The plaintiff received nothing thereunder that she was not fairly entitled to in her own right. Anything less would be to put a premium upon the defendant's disruption of the marriage. Furthermore, in view of the defendant's proclivities the court properly provided means for securing the payment of alimony by him.

■■ The defendant contends that he can not pay the alimony allowed plaintiff without encroaching upon the assets of his estate. This is premised on his present failure to earn a substantial income, induced by his intemperate

habits. The court found that in view of the defendant's education and experience he can reasonably earn the sum of $6,-000 or more annually if he refrains from the excessive use of liquor. The business that he now owns netted the former owner a substantial income. The record fully sustains the plaintiff's need for alimony and the defendant's ability to pay the same. There is a vast difference between inability to pay alimony and a disinclination or unwillingness to do so. Under all of the facts and circumstances in this case, if the corpus of either estate must be resorted to in order to afford support for the plaintiff, then it fairly and equitably follows that it should be that of the defendant, who was solely responsible for the disruption of the marriage.

▮▮▮ The trial court made an allowance to plaintiff for counsel fees and expenses in its final decree. No application pendente lite therefor was made by plaintiff. Such an application is an important factor to be considered in determining the necessity of such an award, but it is not a condition precedent to the allowance of the same under SDC 14.0725. Counsel fees and expenses may properly be included in the final decree as an incident to the divorce and property settlement in cases where the same is found necessary to enable the wife to prosecute or defend the action. Such allowance rests in the sound discretion of the court and in view of all the facts and circumstances existing in this case we find no abuse of discretion.

Immediately after defendant appealed the plaintiff filed an application in this court for an allowance of attorney's fees and expenses. The ruling on such application was reserved.

▮▮▮ It has been determined that this court has vested in it the inherent power, incidental to its appellate jurisdiction of review and modification in divorce cases, to grant suit money and temporary alimony on appeal. Wells v. Wells, 26 S. D. 70, 127 N.W. 636. This authority is not governed by SDC 14.0725, as that provision relates wholly to the trial court. Wells v. Wells, supra.

▮▮▮ The wife in this case is entitled to a reasonable allowance for attorney's fees and expenses in resisting the appeal by her husband. The decision of the trial court has

been affirmed in all respects and she is entitled to such allowance in order to preserve the integrity of the property settlement. It is, therefore, our judgment that plaintiff be allowed the sum of $500 attorney's fees.

Finding no error the judgment appealed from is affirmed.

SICKEL, P. J., and RUDOLPH and LEEDOM, JJ., concur.

SMITH, J., dissents.

HANSON, Circuit Judge, sitting for ROBERTS, J., disqualified.

SMITH, J. (dissenting in part). Wherein the foregoing opinion deals with allowance for suit money and attorney's fees, I dissent; otherwise I concur in the views therein expressed.