PLAGEMAN, Appellant v. PLAGEMAN, Respondent

(110 N.W.2d 337)

(File No. 9902. Opinion filed August 23, 1961)

Rehearing denied December 15, 1961.

222

**Acie W. Matthews,** Sioux Falls, for Plaintiff and Appellant.

**Lacey & Parliman,** Sioux Falls, for Defendant and Respondent.

ROBERTS, J.  Plaintiff brought this action against the defendant for divorce on the ground of extreme cruelty. Defendant filed a cross-complaint seeking a divorce on a like

ground. After trial the court made findings of fact and conclusions of law and thereupon entered judgment granting to the plaintiff a divorce and awarding to her a part of the property and $100 per month for a period of one year. From the judgment plaintiff appeals seeking reversal on the grounds (1) that plaintiff was entitled to a permanent allowance and (2) that there was an inequitable division of the property.

The parties to this action after an acquaintance of three months were married in May, 1957. Appellant was at that time a widow about 41 years of age. She had three daughters, the oldest of whom was eight years of age and the youngest three years. She had an equity in the house in which she and her daughters were then living of $4,000, insurance proceeds of approximately $10,000 and Socony Mobil common stock of the value of $1,000. She was receiving social security assistance of $60 a month and workmen's compensation benefits in the amount of $72 every four weeks.

Respondent, 37 years of age, had at the time of the marriage savings of about $4,000 and a 1957 Ford automobile on which he owed $1,400.

Appellant sold her residence and the parties purchased a dwelling at 2706 Suburban Acres, Sioux Falls, for $13,750, on which appellant made the initial payment of $1,500. Respondent purchased a lake resort at Hackensack, Minnesota, obtaining from appellant a loan of $5,000 to make the down payment. It is undisputed that approximately $4,000 of that amount has been repaid. When the relationship between the parties became strained, appellant delivered to the respondent a deed to the resort property in return for a deed to the Suburban Acres residence. Appellant testified that upon marriage she relinquished the social security payments and, except for the lump sum settlement of $2,779, the workmen's compensation benefits which she was entitled to receive during her lifetime.

The court awarded to the appellant the residence, the value of which over and above encumbrances was $5,000,

together with household furniture, the 1957 automobile and as before stated $100 per month for one year. Appellant had about $13,000 in securities. Appellant kept an accurate account of all sums paid out of her personal funds during the marriage. In addition to payments of the approximate sum of $3,400 on the purchase price and improvements of the Suburban Acres residence, she paid the balance of $1,400 on the Ford automobile and contributed at least $2,500 toward the household and living expenses of the parties. The marriage venture lasted about two years and six months. The trial court found that during most of that time respondent was employed, earning between $450 and $550 per month; that his earnings were contributed to the support of the family and payments on the home in which the parties resided; and that for the calendar year preceding the entry of judgment the resort property showed no profit. The remainder of the property was awarded to respondent.

Appellant asserts that the court failed to follow and to be guided by the provisions of SDC 14.0726 which read as follows:

> "Where a divorce is granted for an offense of the husband, the court may compel him to provide for the maintenance of the children of the marriage, and to make such suitable allowance to the wife for her support during her life or for a shorter period, as the court may deem just, having regard to the circumstances of the parties represented; and the court may from time to time modify its orders in these respects.

> "Where a divorce is granted for an offense of either husband or wife, the courts shall in such action have full power to make an equitable division of the property belonging to either or both, whether the title to such property is in the name of the husband or the wife. In making such division of the property the court shall have regard for equity and the circumstances of the parties."

■ In Kressly v. Kressly, 77 S.D. 143, 87 N.W.2d 601, 603, this court summed up holdings construing and applying these provisions as follows: "Where a divorce is granted for an offense of the husband, the trial court has the discretionary power to make both a suitable allowance to the wife and an equitable division of the property. * * * From the language of this judgment it appears that the award to the plaintiff is both. Whether an award made to a wife in a lump sum or of specific property is made as a suitable allowance or as an equitable division of property or of both, substantially the same factors must be considered. This court has pointed out in numerous cases that the principal factors to be considered are: The duration of the marriage, the value of the property of each, their ages, their health and competency to earn, the contribution of each to the accumulation of the property and the faults and circumstances leading up to the divorce. * * * Although the divorce is granted for an offense of the husband yet the acts of both husband and wife leading up to the divorce must be considered by the court in the making of an award to the wife."

■ ■ It is now the settled law that the court in a divorce action has complete jurisdiction of the property of the parties, joint or separate, and may dispose of it in such a manner as is equitable under all the circumstances. A broad discretion is vested in the trial court and where all the facts and circumstances as required by statute are taken into consideration its determination will not be disturbed except for abuse of discretion. Klinger v. Klinger, —S.D.—, 109 N.W.2d 633; Johnson v. Johnson, 71 S.D. 255, 23 N.W. 2d 451. Appellant voluntarily relinquished her rights to payment of social security and the other benefits on marriage and, while it was a circumstance to be considered, it does not follow that respondent is obligated to compensate her for the loss. Peterson v. Peterson, 113 Wash. 317, 194 P. 380; Luithle v. Luithle, 23 Wash.2d 494, 161 P.2d 152.

■ As we have observed the marriage was of brief duration and appellant did not contribute by her industry

or otherwise to the accumulation of property by her husband. This is not the situation appearing in cases cited by appellant where property of the husband was accumulated over a period of years by the joint efforts of the parties. Caldwell v. Caldwell, 58 S.D. 472, 237 N.W. 568; Bohl v. Bohl, 72 S.D. 257, 32 N.W.2d 690; Peterson v. Peterson, 71 S.D. 314, 24 N.W.2d 35; Kuehn v. Kuehn, 74 S.D. 521, 55 N.W.2d 70. It appears that respondent is not a person of substantial means. We have carefully considered all the facts and circumstances connected with the case and we do not find that the trial court abused the discretion vested in it when it made the allowance and division of the property.

The judgment appealed from is affirmed.

All the Judges concur.