POCHOP, Respondent v. POCHOP, Appellant

(233 N.W.2d 806)

(File No. 11542. Opinion filed October 9, 1975)

Charles Rick Johnson, Johnson, Johnson & Eklund, Gregory, for defendant and appellant.

William F. Day, Jr., Day & Grossenburg, Winner, for plaintiff and respondent.

WINANS, Justice.

Marietta Pochop, plaintiff and respondent in this action, and Roger Pochop, defendant and appellant, were married at Colome, South Dakota, on June 21, 1963, and to this union three children were born: Myra, on January 24, 1964; Michael, on December 26, 1965; and Sandra, on March 27, 1969. Roger Pochop farms near Dallas, South Dakota, and Marietta Pochop, who has training as a secretary, was a teacher's aide at a local high school. It appears from the record that marital difficulties first began in the relationship between Marietta and Roger in 1969 about the time of the birth of their third child. On December 18, 1972, Mrs. Pochop instituted an action for divorce against her husband in Tripp County on the grounds of extreme cruelty. A trial was held to the court on November 14th and 16th of the following year and on July 3rd of the next year (1974) judgment was entered for the plaintiff granting her a divorce, custody of the children, a property division and attorney's fees. From that judgment Roger Pochop appeals to this court, charging that there was insufficient evidence presented to warrant a finding of extreme cruelty and that Mrs. Pochop's conduct barred her from obtaining the divorce (recrimination). Appellant also objects to the trial court's decision regarding the award of the custody of the children to their mother and to the trial court's property settlement and award of attorney's fees to the respondent.

Any definition of extreme cruelty in a marital setting must necessarily differ according to the personalities of the parties involved. What might be acceptable and even commonplace in the relationship between rather stolid individuals could well be extraordinary and highly unacceptable in the lives of more sensitive or high-strung husbands and wives. Family traditions, ethnic and religious backgrounds, local customs and standards and other cultural differences all come into play when trying to

determine what should fall within the parameters of a workable marital relationship and what will not. An appeals court is in a position quite removed from the personalities and the setting of the marriage under attack and must necessarily rely on the judgment of the trial judge who has the benefit of hearing and seeing the principal parties, the children, the neighbors and other witnesses and who knows the local standards far better usually than can the members of this Court. We have recently again said that:

> "In cases tried to the court without a jury, findings of fact shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity the trial court had to judge the credibility of the witnesses." *Masek v. Masek,* 1975, 89 S.D. 62, 228 N.W.2d 334.

In the instant case there was a trial which lasted two days. During that trial there was testimony from thirteen witnesses in addition to the plaintiff and the defendant. It is undisputed that Mr. Pochop at times had heated outbursts of temper, that he greatly disturbed his wife at the birth of their third child by suggesting that they give the child up for adoption, that there were religious differences between the parties which proved to be a source of aggravation and that Mrs. Pochop felt her husband's sexual demands were excessive. It is also a matter of record that some marriage counseling was done with this couple, but to no apparent avail. We readily admit that we have seen many cases of cruelty in marriages which were far more "extreme" than what is presented here. Nevertheless, having thoroughly reviewed the record and in light of our prior holdings on this subject, we find it impermissible to say that the trial court was clearly erroneous in granting this divorce on the basis of extreme cruelty.

■ Appellant has also charged that Respondent was not entitled to a divorce in view of our (now repealed) recrimination statute, SDCL 25-4-27. The trial court entered its findings on this count holding that Defendant had failed to establish the defense of recrimination. It is our opinion that this judgment is correct.

■ Appellant also complains of the award of custody of his three children to Respondent. Our statutory law on this subject provides in SDCL 30-27-19 that:

"(1) \* \* \* what appears to be for the best interests of the child in respect to its temporal and its mental and moral welfare; [should be a guiding consideration for the judge] and if the child be of a sufficient age to form an intelligent preference, the court or judge may consider that preference in determining the question;

(2) As between parents adversely claiming the custody or guardianship, neither parent is entitled to it as of right, but, other things being equal, if the child be of tender years, it should be given to the mother; if it be of an age to require education and preparation for labor or business, then to the father."

There is no allegation made that Respondent is an unfit mother and incapable or unworthy of custody. The child, Sandra, was of· tender years at the time of the divorce and preference for her mother's custody of her is a matter of law. The two other children both expressed a strong desire to the trial court in chambers to live with their mother, as set out in Findings of Fact No. 4, and the trial judge was certainly within his statutory prerogative in letting this express preference be an aid in forming his decision. We find in the award of custody of all three children to the mother with reasonable visitation rights to the father no abuse of the trial court's discretion.

■ Finally, Appellant complains of the property settlement and the award of attorney's fees to Respondent. Our previous decisions have held that the trial court has broad discretion in the disposition of property in a divorce action, *Plageman v. Plageman*, 1961, 79 S.D. 221, 110 N.W.2d 337. We have also held that:

"Counsel fees and expenses may properly be included in the final decree as an incident to the divorce and property settlement in cases where the same is found necessary to enable the wife to prosecute or defend the action." *Kuehn v. Kuehn*, 1952, 74 S.D. 521, 55 N.W.2d 70.

In addition we have held that allowance of attorney's fees to wife rests within the sound discretion of the trial court. *Baron v. Baron*, 1947, 71 S.D. 641, 28 N.W..2d 836. We have no reason to find that the trial court has abused its discretion either in regard to the property settlement or in regard to the award of attorney's fees.

Affirmed.

All the Justices concur.