**Harriet TANK, Plaintiff and Respondent,**

v.

**Russell O. TANK, Defendant and Appellant.**

**Nos. 12277, 12376.**

Supreme Court of South Dakota.

Dec. 28, 1978.

Kent A. Moeckly, Britton, for plaintiff and respondent.

Philip W. Morgan, Britton, for defendant and appellant.

WOLLMAN, Chief Justice.

These appeals are from an order by the trial court that appellant pay respondent $428 for extraordinary medical expenses incurred by respondent on behalf of a minor child who was in respondent's custody as a result of an earlier divorce decree, and from an order directing appellant to pay respondent $300 attorneys' fees to defend the first appeal. We affirm both orders.

The parties were divorced in 1974. Custody of one child was granted to appellant. Custody of three other children was given to respondent. In addition, appellant was ordered to pay respondent $35,000 as a lump-sum property settlement and $200 a month child support, which was to be proportionately reduced as the children became emancipated. In September of 1976, one of the children in respondent's custody incurred a physical injury requiring hospitalization. Respondent paid $635 for this care. She then filed a claim with South Dakota Blue Shield Medical Service, Inc. under a family policy held by appellant that provided coverage for the children but not for respondent. Blue Shield issued a check in the amount of $428 to appellant, which he retained.

Respondent filed a motion for an order requiring appellant to show cause why he should not be required to reimburse to respondent the full $635 cost of the child's medical care. The trial court entered an order directing appellant to pay $428 to respondent. No attorneys' fees were allowed. Appellant duly commenced an appeal to this court. After the appeal was perfected, respondent moved the trial court for an order requiring appellant to show cause why he should not be required to pay $1,500 to respondent for attorneys' fees to defend against appellant's appeal in this court. The trial court entered an order directing appellant to pay $300 to respondent. An appeal was perfected by appellant from this order as well. It does not appear that respondent sought funds to defend against this subsequent appeal.

Appellant's primary argument is that this action was improperly brought on an order to show cause. It appears that respondent was not, in the first instance, seeking a remedy of contempt against appellant, and while the action might better have been styled a motion to amend the decree of divorce to provide for extraordinary medical expenses, the fact remains that respondent's method of proceeding had the effect of reopening the previous action and brought both parties within the jurisdiction of the trial court. In *Houghton v. Houghton,* 37 S.D. 184, 157 N.W. 316, plaintiff commenced a new action seeking provision for future maintenance, support, and education of the children. This court stated:

While we agree with the appellant that the matter should have been brought to the attention of the trial court by proceeding in the former action, we think it our duty to brush aside this technicality, and so for the purposes of this case we now consider the present action as a motion in the divorce action. As before pointed out, the parties were the same, the forum was the same, and the merits were considered precisely as though respondent had proceeded, in form, in the former action. The defendant appeared in this action and answered, thereby submitting himself to the jurisdiction of the court. This obviated any possible question of jurisdiction of the court over the person of the defendant. 37 S.D. at 189, 157 N.W. at 318.

See also *Dougherty v. Dougherty,* 76 S.D. 318, 77 N.W.2d 845.

Appellant's next contention is that because respondent did not show a substantial change in the conditions obtaining at the time the original decree was entered, the

trial court abused its discretion when it required him to make the payment in question. In support of this contention appellant cites cases dealing primarily with modification of custody provisions contained in divorce decrees. See cases collected in *Masek v. Masek,* S.D., 237 N.W.2d 432. There is a distinct difference between child custody and child support. In modifying a custody provision the court must be guided by the standards set forth in *Masek v. Masek,* supra, and the holding in *Wellnitz v. Wellnitz,* 71 S.D. 430, 25 N.W.2d 458, that a judgment awarding custody is res judicata with respect to the right of custody under conditions then existing. But concerning the duty of child support following a decree of divorce, this court long ago said:

> In a divorce case the children are, and continue to be virtually wards of the court. It is the welfare of the children that the court is concerned with, not the wishes of either of the parents, and we do now declare that parents are powerless to provide by irrevocable contract what the future financial liability of either shall be with relation to the support, maintenance, and education of the children. The court has the power, and it is its bounden duty, to look after the welfare of the children when the matter is properly brought to its attention. (citations omitted) *Houghton,* supra, 37 S.D. at 188, 157 N.W. at 317.

The *Houghton* case dealt with a request for child support in a situation where no such allowance was mentioned in the decree. There, as here, the decree was based on an agreement by the parties. There the decree was silent concerning child support. Here the decree was silent concerning extraordinary medical expenses. There, as here, the trial court did not modify the original decree but ordered the father to pay.[1]

We conclude that the trial court did not err in ordering appellant to help pay for the extraordinary medical expenses, and we affirm the order requiring him to do so.

1. Appellant does not contend that SDCL 25–7–11, or our decision in *Tesch v. Tesch,* 65 S.D. 637, 277 N.W. 328, has any application to the

Appellant has also appealed from the trial court's order that he pay $300 to respondent to allow her to defend his appeal in this court of the order affirmed above. Appellant contends that since an appeal had been taken to this court, the trial court was without jurisdiction to entertain any further proceedings. Appellant cites no authority for the proposition that appellate jurisdiction is exclusive jurisdiction.

It has been the long-standing rule in this state that this court and the trial court have concurrent jurisdiction to require the husband in a divorce action to pay an allowance to the wife to enable her to present her side of the appeal. *Septka v. Septka,* 80 S.D. 299, 122 N.W.2d 766; *Kuehn v. Kuehn,* 74 S.D. 521, 55 N.W.2d 70; *Wells v. Wells,* 26 S.D. 70, 127 N.W. 636. Accordingly, the order awarding attorney's fees is affirmed.

All the Justices concur.

issues before us, and accordingly we express no opinion on the matter.