CHARLES GUSTAFSON, Appellant, v. CEDAR RAPIDS & MARION CITY RAILWAY COMPANY.

**Street railways:** CARRIAGE OF PASSENGERS: BREACH OF CONTRACT: DAM-AGES. Where a passenger upon a street car of his own volition left the car because it was not going to the end of the line as usual, and was thus compelled to walk some distance, his remedy

for failure to carry him the full distance, if any, was for breach of contract; but where, as in this case, there was no evidence of damage he was not entitled to recover; and even though he was entitled to nominal damages failure to allow the same is not ground for reversal.

*Appeal from Linn District Court.*—HON. F. O. ELLISON, Judge.

THURSDAY, MAY 12, 1910.

THE plaintiff appeals.  *Affirmed.*

*Crosby & Fordyce,* for appellant.

*W. G. Clark* and *W. E. Steele,* for appellee.

LADD, J.—The Central Park line is one of defendant's street railways in Cedar Rapids. The plaintiff, with his wife, child, and sister-in-law boarded a car at Fifth Street and First Avenue with the purpose of riding to E Avenue and Sixteenth Street, the end of the line, near which he resided. He paid the fares of himself and those with him, but it does not appear how much this was. Upon reaching Sixteenth street, the car stopped, and plaintiff, noticing the motorman swinging the trolley around, asked if the car was going no farther, and was informed that such was the order of the conductor. The plaintiff then inquired of the conductor if that was as far as he was going, and the latter said: "If you are going to the circus, why don't you go the other way?" Being told that plaintiff wished to go to the end of the line, the conductor answered: "That is the accommodation I will give you to-day." Asked to stop the car so that those with plaintiff might get off, the conductor did so, saying, "Go ahead and get them off." When plaintiff, after informing those with him, said that he would "see about this," the con-

ductor responded, "Go ahead and see." According to the evidence in behalf of plaintiff, in making the last two remarks, the conductor appeared angry about something. The customary course of the car was along Sixteenth street to E avenue, five blocks further, and plaintiff was compelled to walk this distance, carrying the child, as was also his wife· and sister-in-law. The two latter assigned their claims for damages to him. Upon proof of the foregoing facts, a verdict was directed for the defendant.

It will be observed that the plaintiff and his assignors were not ejected from the car, nor even requested to leave it, so that *Curtis v. Railway,* 87 Iowa, 622, and *Coine v. Railway,* 123 Iowa, 458, relied upon by appellant, are not in point. They merely asked to be let off because the car was not going, as was usual, to the end of the line. The conductor complied with the request, and they alighted in safety. His conversation was not discourteous, even though he may have appeared angry, and nothing whatever occurred to occasion humiliation on their part. Possibly there was a breach of contract in failing to carry them to the end of the line, but, if so, no evidence of damage was adduced. Even if, upon such breach, nominal damages should be allowed, as contended by appellant, this would not be ground of reversal. See cases collected in *Harvey v. Railway,* 129 Iowa, 465. No right other than that to damages was involved, so that the cause is not within the rule of that decision. There was no error. *Affirmed.*