TYLER, Respondent v. TYLER, Appellant

(233 N.W.2d 804)

(File No. 11460. Opinion filed October 9, 1975)

Robert D. Hofer, Stephens, Riter, Mayer & Hofer, Pierre, for defendant-appellant.

John H. Zimmer, Zimmer & Richter, Parker, for plaintiff-respondent.

WUEST, Circuit Judge.

This is a divorce action. The parties were married at Sioux Falls, South Dakota, in 1965 and have since maintained a residence there. No children have been born; however, the appellant has children from a previous marriage. Appellant counterclaimed for a divorce and after hearing the evidence and testimony, the trial court awarded a divorce to both parties on the grounds of extreme cruelty.

The appellant asserts on appeal that his wife was unable to produce corroborating evidence and therefore is not entitled to a divorce.[1] Plaintiff's corroboration—as observed by the trial court—was weak. However, sufficiency of corroboration must be determined upon the facts of each case and necessarily left to the discretion of the trial court. *Masek v. Masek*, S.D., 228 N.W.2d 334; 24 Am.Jur.2d, Divorce and Separation, § 382. We find no abuse of discretion.

The principal issue was not whether a divorce should have been granted but rather as to the division of property and payment of alimony.

---

1. At the time the judgment in this case was entered, SDCL 25-4-36 required corroboration before a divorce could be granted. This statute was repealed by Chapters 173 and 174 of the Session Laws of 1974.

At the time of their marriage in 1965 the plaintiff had a net worth of $24,342.26 consisting mostly of stock. At the time of the divorce she had a net worth of $3,325. Her net worth was dissipated largely through reverses in the stock market. She is in poor health resulting from a heart condition which arose before the marriage but which has deteriorated, so she is probably unemployable. At the time of trial appellant had a net worth of $380,000, which had increased during their marriage. For the period from 1969 through 1972 his annual income averaged $42,000. The trial court awarded plaintiff the stock she owned at the time of her marriage, a net worth of $3,325. In addition thereto, the court awarded her the sum of $50,000 and alimony of $400 per·month for the rest of her life unless she remarries, which is to be an obligation of and charge against appellant's estate.

The appellant claims the trial court erred in taking into consideration plaintiff's preexisting health conditions, loss of assets, and increase in appellent's net worth in making a division of the property and awarding alimony.

First of all, the findings of fact and conclusions of law do not establish the trial court necessarily took those matters into consideration in arriving at a decision. They were mentioned along with other facts of the case, but that does not establish them as the reason for the decision.

The principal factors to be considered by a court, in making an equitable division of the property are as follows:

"The duration of the marriage, the value of the property of each, their ages, their health and competency to earn, the contribution of each to the accumulation of the property and the faults and circumstances leading up to the divorce. *Tuttle v. Tuttle*, 26 S.D. 545, 128 N.W. 695; *Caldwell v. Caldwell*, 58 S.D. 472, 237 N.W. 568; *Peterson v. Peterson*, 71 S.D. 314, 24 N.W.2d 35." *Kressly v. Kressly*, 77 S.D. 143, 87 N.W.2d 601.

"In divorce actions, the adjustment of property rights of the parties is wisely left to the broad discretion of the

trial court. SDC 14.0726, *Kuehn v. Kuehn,* 74 S.D. 521, 55 N.W.2d 70; *Kressly v. Kressly,* 77 S.D. 143, 87 N.W.2d 601." *Klinger v. Klinger,* 79 S.D. 182, 109 N.W.2d 633.

Considering all those factors in this case, the trial court did not abuse its discretion in making the division of property and awarding alimony.

█ It is further claimed by the appellant that the trial court erred in granting alimony of $400 per month for plaintiff's lifetime unless she remarries, which shall be an obligation or charge against appellant's estate. He contends that this is an unfair penalty against his heirs. This argument is without merit.[2]

█ Appellant's final claim of error is the amount of support entered during pendency of the appeal. The amount entered was $550 per month. He claims that this penalizes him for appealing. This is $150 per month more than the $400 permanent alimony. However, there has been a stay of execution on payment of the $50,000 and the $400 per month alimony awarded plaintiff. The decree provided that $25,000 should be paid March 15, 1974, and $25,000 March 15, 1975. By granting a stay of execution and enlarging the support payments, the trial court was merely balancing the equities between the parties pending appeal. If the $50,000 had been paid as provided in the decree, plaintiff could be earning interest or other income from this money.

The trial court had a broad discretion in setting support payments pending appeal, and under the circumstances we find no abuse of discretion.

Affirmed.

All the Justices concur.

WUEST, Circuit Judge, sitting for DUNN, Chief Justice, disqualified.

---

2. No issue is raised regarding termination of alimony upon the death of the husband. In other states there is a difference of opinion. 24 Am.Jur.2d, Divorce and Separation, § 642.