Patti Rae RYKEN, Plaintiff
and Appellee,

v.

Larry L. RYKEN, Defendant
and Appellant.

No. 16331.

Supreme Court of South Dakota.

Considered on Briefs Feb. 17, 1989.

Decided May 10, 1989.

Arthur L. Rusch of Bogue, Weeks, Rusch & Billings, Vermillion, for plaintiff and appellee.

John E. Burke, Sioux Falls, for defendant and appellant.

MILLER, Justice.

In this divorce action, Larry L. Ryken (husband) appeals from an order of contempt and order setting support pending appeal. This is a companion case to #16213, 16224, *Ryken v. Ryken,* 440 N.W. 2d 300, in which husband appealed from the judgment and decree of divorce. We affirm in part and reverse in part.

FACTS

Patti R. Ryken (wife) filed for a divorce from husband in December of 1985. On June 10, 1987, the trial court ordered husband to pay $600 per month in temporary support for as long as the action was pending. On February 18, 1988, the trial court entered its decree of divorce, in which it ordered husband to pay rehabilitative alimony in the amount of $625 per month for 48 months.

Following entry of the divorce decree, husband stopped making temporary support payments but did not begin making payments of rehabilitative alimony. Therefore, on March 25, 1988, wife filed a motion for judgment of contempt. On April 13, 1988, husband filed an appeal from the divorce decree; he also filed a supersedeas bond. Two days later wife filed a motion for support pending appeal. A hearing on the contempt motion and support motion was held on April 15, 1988. At the hearing, husband stipulated that he had not

made alimony payments in March or April of 1988. On April 29, 1988, the trial court entered an order of contempt and order setting support pending appeal. This order was not supported by any findings of fact or conclusions of law. In the order, the trial court held that husband was in contempt for failure to pay temporary support and for failure to comply with the divorce decree, but that enforcement of the decree had been stayed by posting of the supersedeas bond. In addition, the order required husband to pay $400 per month in temporary support pending the appeal; this temporary support was not to be credited towards the rehabilitative alimony.

## ISSUE I

Did the trial court have jurisdiction to enter the order of contempt?

## DECISION

Husband argues that a contempt order is jurisdictionally void if not supported by findings of fact and conclusions of law. We need not address this contention, however, since the trial court lost jurisdiction to consider the contempt motion once husband filed his appeal from the divorce decree.

■ An appeal from a judgment or order strips the trial court's jurisdiction over the subject matter of the judgment or order except as to certain trivial matters; the Supreme Court then has jurisdiction until determination of the appeal. *Matter of D.H.*, 354 N.W.2d 185 (S.D.1984). This rule applies even when an appellee files his motion prior to the filing of appellant's notice of appeal. *See J.S.S. v. P.M.Z.*, 429 N.W.2d 425 (N.D.1988) (The trial court lost jurisdiction to consider a motion for modification of judgment filed prior to appellant's notice of appeal.). *See also State v. Dakota County, Nebraska,* 250 Iowa 318, 93 N.W.2d 595 (1958); *Matter of Wills of Jacobs,* 91 N.C.App. 138, 370 S.E.2d 860 (1988).

■ Here, the trial court did not consider wife's motion for judgment of contempt until April 15, 1988, two days after husband filed his notice of appeal from the divorce decree. Under the rule in *Matter of D.H.*, the trial court lost jurisdiction to consider the contempt motion once husband filed his appeal. Therefore, the trial court had no authority to enter the order of contempt.

## ISSUE II

Did the trial court abuse its discretion in ordering support pending the appeal and providing that the support would not reduce the rehabilitative alimony?

## DECISION

■ A trial court's authority to order support pending appeal is provided for by statute and case law. SDCL 25–4–38 states: "While an action for divorce is pending, the court may in its discretion require one spouse to pay as alimony any money necessary to support the other spouse or the children of the parties, or to prosecute or defend the action." Under this statute, jurisdiction rests in the trial court to grant temporary alimony even while a case is pending in the Supreme Court. *Wells v. Wells,* 26 S.D. 70, 127 N.W. 636 (1910). Furthermore, in a very recent case, this court approved a trial court's decision ordering the husband to pay alimony pending an appeal since a stay of the judgment would have placed the wife in an adverse economic situation. *Foley v. Foley,* 429 N.W.2d 42 (S.D.1988). Therefore, in the present case, the trial court did not abuse its discretion in ordering husband to pay support pending the appeal.

■ Likewise, the trial court did not abuse its discretion in refusing to credit the temporary support towards the rehabilitative alimony. A trial court may balance the equities and refuse to grant credit toward permanent alimony, especially when the wife could have been earning interest on the alimony and property awards if the divorce decree had not been appealed. *Tyler v. Tyler,* 89 S.D. 462, 233 N.W.2d 804 (1975).

## ATTORNEY FEES

Wife has filed a motion for attorney fees on appeal, accompanied by an itemized statement of costs incurred and services rendered. *Malcolm v. Malcolm*, 365 N.W. 2d 863 (S.D.1985). After considering the factors set forth in *Senger v. Senger*, 308 N.W.2d 395 (S.D.1981), we hold that wife is entitled to attorney fees of $600.

The order of contempt is reversed. The order setting support pending appeal is affirmed.

WUEST, C.J., and MORGAN and SABERS, JJ., concur.

HENDERSON, J., concurs in part and dissents in part.

HENDERSON, Justice (concurring in part, dissenting in part).

I concur on Issue 1, namely, that the trial court did not have authority to enter an order of contempt herein.

I respectfully dissent to this Court's decision on Issue 2. In *Ryken v. Ryken*, 440 N.W.2d 300, handed down April 26, 1989 (*Ryken I*), this Court reversed and remanded for reconsideration the trial court's award of rehabilitative alimony and division of property, which must be considered together, under *Krage v. Krage*, 329 N.W. 2d 878 (S.D.1983). The present majority's decision that the trial court did not abuse its discretion in refusing to credit the temporary support towards the rehabilitative alimony is premature, as the status of both alimony and property division is undecided. The trial court's discretion cannot be meaningfully considered in these circumstances. This issue should be decided, in equity, with reference to the matters to be reconsidered pursuant to *Ryken I*. Specifically, this Court's decision in *Ryken I* has mooted the sentence in the current majority opinion which reads: "The trial court did not abuse its discretion in refusing to credit the temporary support towards the rehabilitative alimony."

An old maxim of equity, being apropos here, is as follows: "Equity delights to do Justice and not by halves."