2001 SD 104

**Connie Kay CUTLER–CHRISTIANS, Plaintiff and Appellee,**

v.

**Michael Arlo CHRISTIANS, Defendant and Appellant.**

**No. 21637.**

Supreme Court of South Dakota.

Argued March 20, 2001.

Decided Aug. 15, 2001.

David R. Strait of Austin, Hinderaker, Hopper, Strait & Bratland, Watertown, SD, Attorneys for plaintiff and appellee.

Rick A. Ribstein, Don M. McCarty of McCann, Ribstein & Hogan, Brookings, SD, Attorney for defendant and appellant.

AMUNDSON, Justice

[¶ 1.] Connie Cutler Christians (Connie) was granted a divorce from her husband Michael Arlo Christians (Michael) on February 2, 2000. Michael appeals the trial court's jurisdiction to rule on certain matters after Notice of Appeal was filed on the judgment of divorce. We reverse.

## FACTS

[¶ 2.] Under the provisions of the judgment of divorce, Connie was to pay Michael $38,205.34 because the property she had received in the divorce exceeded her equitable share. A judgment in the amount of $35,000 was ordered in favor of Connie against Michael for the following: $8000 for attorneys' fees; $20,000 on her claim for Intentional Infliction of Emotional Distress; and $7,000 for her punitive damages claim.[1] Connie's $35,000 judgment against Michael was filed with the clerk of courts on March 29, 2000. Due to an error in the judgment docket, Michael's $38,205.34 judgment against Connie was not entered until March 30, 2000.

[¶ 3.] On May 16, 2000, Connie executed on her judgment against Michael and levied upon the Chevrolet Suburban awarded to Michael in the divorce proceedings. On May 26, 2000 Michael filed a Notice of Appeal and docketing statement appealing certain terms of the divorce. In addition, Michael secured and filed a $45,000 supersedeas bond to stay the execution of Connie's judgment per SDCL 15–26A–25.

[¶ 4.] On May 30, 2000 Connie filed a Motion for Offset to counterbalance Michael's judgment against Connie, and a Judgment of Contempt because of Michael's failure to pay alimony. On June 1, 2000 Michael countered with a Motion for Stay of Judgment and Approval of Supersedeas Bond and Motion for Contempt. A hearing was held on June 14, 2000.

[¶ 5.] At the conclusion of the hearing, the trial court approved Michael's bond without objection from Connie, therefore, Michael contends that the trial court lacked jurisdiction to find him in contempt for failure to pay alimony because he had filed a notice of appeal and filed the required bond. The court denied the request to stay the alimony payments pending appeal. In addition, the court held Michael in contempt for his failure to pay alimony and assessed attorneys' fees against him associated with the contempt hearing. Although the court did not allow Connie's set-off of $35,000 against the $38,205.34 she owed Michael, the court, upon its own motion, had Michael's $35,000 judgment removed from the docket. Michael appeals raising the following issue:

> Whether filing a Notice of Appeal and bond stays the enforcement of an award of alimony and leaves the trial court without jurisdiction to decide post-divorce motions.

---

1. Also included in the judgment against Michael was the award of alimony to Connie.

## DECISION

[¶ 6.] Michael sought to have the award of alimony to Connie stayed until the matter was resolved on appeal. Michael argues that the Notice of Appeal filed on May 24, 2000 coupled with a $45,000 supersedeas bond leaves the circuit court without jurisdiction to consider anything other than "trivial matters." *See Ryken v. Ryken*, 440 N.W.2d 307 (S.D.1989). Thus, Michael contends that the trial court lacked jurisdiction to hear the matters it had decided on June 14, 2000.

[¶ 7.] A final judgment or order subject to appeal is stayed pending appeal to the Supreme Court if done in accord with SDCL ch 15–26A. In part, SDCL 15–26A–25 provides, "An appeal from a judgment or order shall not stay enforcement of circuit proceeding . . . unless the appellant executes a supersedeas bond in the amount and form approved by the circuit court [.]" Also, SDCL 15–26A–32 adds: "[w]hen an approved supersedeas bond is filed it shall stay all further proceedings in circuit court upon the judgment or order accordingly[.]" Thus, we are called upon to determine whether Michael has complied with the statutory scheme set by the legislature.

[¶ 8.] "Statutory interpretation presents a question of law reviewable de novo." *Satellite Cable Srvs. v. Northern Electric*, 1998 SD 67, ¶ 5, 581 N.W.2d 478, 480.

One of the primary rules of statutory . . . construction is to give words and phrases their plain meaning and effect. This court assumes that statutes mean what they say and that legislators have said what they meant. When the language of a statute is clear, certain and unambiguous, there is no occasion for construction, and the court's only function is to declare the meaning of the statute as clearly expressed in the statute.

*Zoss v. Schaefers*, 1999 SD 105, ¶ 6, 598 N.W.2d 550, 552 (quoting *South Dakota SIF v. CRE*, 1999 SD 2, ¶ 17, 589 N.W.2d 206, 209). The statutory authority conferring appellate jurisdiction is clear. If a party properly and timely files a Notice of Review and the bond secured by the appellant is approved by the circuit court, appellate jurisdiction is conferred. *See* SDCL 15–26A–25; SDCL 15–26A–32.

[¶ 9.] In this case, two facts are undisputed: 1) Michael's Notice of Appeal was properly entered, and 2) the amount of the supersedeas bond was properly approved by the circuit court. These facts dictate our decision today.[2] Because Michael followed the prescribed steps in conferring an appeal to the issues central to the post-divorce hearing on June 14, 2000, the circuit court lacked jurisdiction. Therefore, as the order for alimony was within the same judgment as the other orders appealed therefrom, the order for alimony should have been stayed by the circuit court pending appeal. While the circuit court does have the authority, under SDCL 25–4–38, to provide interim alimony, this was not done. *Cf. Ryken, supra* at 308 (holding that although the circuit court was without jurisdiction to hear the contempt motion, the court had the authority to order husband to pay interim alimony). As the

---

**2.** Even though Michael, through legal representation, argued the merits of the motions in front of the circuit court, one cannot confer subject matter jurisdiction by agreement, consent, or waiver. *See* Matter of *Guardianship of Sasse*, 363 N.W.2d 209, 212 (S.D.1985);

*Honomichl v. State*, 333 N.W.2d 797 (S.D. 1983). Therefore, this Court is not persuaded by Connie's argument that Michael waived jurisdiction. by Connie's argument that Michael waived jurisdiction.

order of alimony is stayed, the contempt order against Michael is to be absolved. *See Ryken, supra.*

[¶ 10.] We reverse and remand for proceedings not inconsistent with this opinion.

[¶ 11.] MILLER, Chief Justice, and KONENKAMP and GILBERTSON, Justices, concur.

[¶ 12.]SABERS, Justice, dissents.

SABERS, Justice (dissenting).

[¶ 13.] I agree with the majority opinion that it would have been advisable for the circuit court to award *temporary* alimony which would allow it to enforce its order while an appeal was pending after an approved bond. *Ryken v. Ryken,* 440 N.W.2d 307, 308 (S.D.1989). That is one option under *Ryken v. Ryken.* Nevertheless, here, the circuit court retained the power to enforce its alimony order by contempt.

[¶ 14.] In *Ryken,* the circuit court attempted to enforce the alimony award through its contempt power while the appeal was pending. I concurred with the majority in *Ryken,* which held the circuit court was without jurisdiction to make such an order of contempt. In that case, the circuit court had approved the supersedeas bond and therefore it was without jurisdiction to enforce its order. That decision was dictated by SDCL 15–26A–25 which provides:

> An appeal from a judgment or order *shall not* stay enforcement proceedings in the circuit court ... *unless* the appellant executes a supersedeas bond in the amount and form *approved* by the circuit court.

(Emphasis added). SDCL 15–26A–25 and SDCL 15–26A–32 create a necessary condition precedent, approval of the supersedeas bond. With such approval, the circuit court's enforcement power is stayed.

Likewise, a decision not to approve the supersedeas bond retains power in a circuit court to enforce its order. SDCL 15–26A–25, 32. Here, the circuit court did not approve the bond to stay payment of alimony:

> The court will enter it's order approving the supersedeas bond. The court will also enter it's order staying the judgment, the judgments plural, that the plaintiff has against the defendant in the sums of $8,000, $20,000, and $7,000, which I believe total $35,000. *The court will not stay payment of alimony* or the requirement that the parties exchange property in accordance with the court's equitable division of property.

(Emphasis added). The circuit court did not relinquish its power to enforce its order concerning alimony. As such, the order of contempt was proper and the circuit court should be affirmed.

[¶ 15.] Therefore, I dissent.