#26705-a-DG
**2014 S.D. 8**

IN THE SUPREME COURT
OF THE
STATE OF SOUTH DAKOTA
\* \* \* \*

STEPHANIE STRONG,                                          Applicant and Appellant,

    v.

JASON M. GANT, in his official
capacity as Secretary of State for
the State of South Dakota,                                 Respondent,

    and

BRIAN GOSCH,                                               Intervenor, Respondent and
                                                           Appellee,

    and

THE PENNINGTON COUNTY
REPUBLICAN PARTY,                                          Intervenor and Respondent.


\* \* \* \*

APPEAL FROM THE CIRCUIT COURT OF
THE SIXTH JUDICIAL CIRCUIT
HUGHES COUNTY, SOUTH DAKOTA

\* \* \* \*

THE HONORABLE KATHLEEN F. TRANDAHL
Judge

\* \* \* \*

STEPHANIE STRONG
Rapid City, South Dakota                                   Pro se appellant.


SARA FRANKENSTEIN
Gunderson, Palmer, Nelson
  & Ashmore, LLP
Rapid City, South Dakota                                   Attorneys for intervenor,
                                                           respondent and appellee.


\* \* \* \*

CONSIDERED ON BRIEFS
ON JANUARY 14, 2014
OPINION FILED **02/12/14**

#26705

GILBERTSON, Chief Justice

[¶1.]    Pro-se applicant appealed the circuit court's award of attorney's fees under SDCL 15-17-51 and costs and disbursements under SDCL 15-17-37, asserting: (1) that the circuit court was without jurisdiction to award attorney's fees while her appeal of the underlying judgment on the merits was pending, and (2) the circuit court was without authority to tax costs and disbursements absent a request for a hearing by her.

**Facts and Procedural History**

[¶2.]    On August 27, 2012, Stephanie Strong, acting pro se, submitted an affidavit and application for a writ of mandamus with the circuit court of the Seventh Judicial Circuit asking the court to compel South Dakota Secretary of State Jason Gant to review and investigate the nominating petitions for Republican candidate Brian Gosch for the November 2012 election in Pennington County Legislative District 32. Strong asserted that Gosch's nominating petitions were invalid because Gosch notarized his petitions in violation of SDCL 18-1-7. Strong sought mandamus alleging Secretary Gant refused to investigate the matter and that the time to review nominating petitions had not yet expired.

[¶3.]    Strong's case was originally assigned to Presiding Judge Jeff Davis, but Strong submitted an affidavit for a change of judge. The case was ultimately reassigned to Judge Robert Mandel.

[¶4.]    On August 14, 2012, the court issued an Alternative Writ of Mandamus ordering Secretary Gant to either take immediate action to investigate and reject the nominating petitions for candidate Gosch or appear before the court

-1-

on October 3, 2012, to show cause why a permanent writ of mandamus should not issue.[1] On September 18, 2012, Secretary Gant moved to change venue to Hughes County, asserting that Strong filed her application for a writ in an improper venue under SDCL 15-5-2(2).[2] On September 21, 2012, Gosch and the Pennington County Republican Party (Intervenors) moved to intervene under SDCL 15-6-24(b). That same day, Secretary Gant moved the circuit court to dismiss Strong's application for mandamus and to quash her writ. Secretary Gant alleged that he was without power to take the action demanded by Strong, as the time to challenge a nominating petition had long passed. He further claimed that Strong failed to serve the Office of the Attorney General as required by SDCL 21-29-6 and SDCL 15-6-4(d)(5). The Intervenors similarly moved the circuit court to dismiss Strong's application for mandamus and to quash her writ, asserting that Strong failed to state a claim upon which relief may be granted.

---

1. This writ indicates that it was signed by Judge Mandel on August 14, 2012. Because Judge Mandel was not assigned to the case until September 2012, and because Strong's application for a writ is dated August 27, 2012, we presume the order was signed and entered in September.

2. SDCL 15-5-2(2) provides, in relevant part:

> Actions for the following causes, or upon the following instruments, must be tried in the county where the cause, or some part thereof, arose, or the forfeiture was declared, subject to the power of the court to change the place of trial:
>
> . . .
>
> (2) Against a public officer, or person specially appointed to execute his duties, for an act done by him in virtue of his office, or against a person, who, by his command or his aid, shall do anything touching the duties of such officer[.]

[¶5.]　　　　On September 24, 2012, the circuit court issued an order changing venue to Hughes County and ordered that the alternative writ issued "on August 14, 2012, [be] hereby rescinded[.]"  On September 28, 2012, Strong moved the court to vacate its order changing venue, asserting that it was entered contrary to the requirements of state law and without due process because Strong was not afforded a hearing.

[¶6.]　　　　On October 29, 2012, Strong filed a notice of appeal of the order changing venue, which was dismissed by this Court on November 1, 2012, because a change of venue order is not an appealable order under SDCL 15-26A-3.  On December 7, 2012, with the case now venued in Hughes County (Sixth Judicial Circuit), Strong requested that Judge Mark Barnett recuse himself and submitted an affidavit for a change of judge.  On December 18, 2012, Judge Kathleen Trandahl was appointed to preside over the case.  On December 27, 2012, the court granted the Intervenors' motion to intervene.

[¶7.]　　　　On December 28, 2012, the court held a telephonic hearing on Strong's application for a writ of mandamus.  Strong appeared pro se, and unbeknownst to anyone else, recorded the teleconference.  The Intervenors appeared through their attorney and Secretary Gant appeared through his attorney.  At the conclusion of the hearing, the court orally ruled that Strong's application for a writ "fails to state a claim for which relief can be granted."  It "asks for a remedy that is not factually available" and "comes too late to allow for any remedy at law[.]"  Therefore, the court dismissed Strong's application for an alternative writ of mandamus and quashed the writ.  On January 31, 2013, the circuit court issued an order granting

the Intervenors' and Secretary Gant's motions to dismiss. Notice of the order was served upon Strong on February 19, 2013.

[¶8.]    On January 4, 2013, the Intervenors moved the court to tax costs and disbursements and to award attorney's fees and expenses, asserting that Strong's action was both malicious and frivolous under SDCL 15-17-51. In their brief in support of their motion, they alleged that Strong brought her action "not to obtain a judicial ruling, but rather to make headlines in order to influence voters." To highlight her malicious intentions, the Intervenors directed the court to the fact that (1) Strong did not raise the issue to Secretary Gant during the time a deficiency could be cured, (2) she sought recusal of multiple judges, (3) she failed to serve process on Secretary Gant or the Attorney General, (4) she filed her case in the wrong county, (5) once the case was in the proper county, she sought recusal of the assigned judge, and (6) during a telephonic hearing on December 28, she surreptitiously made a recording and emailed it to the Argus Leader newspaper. Insisting Strong's case was frivolous, the Intervenors argued that Strong "could not and did not present any rational argument based on the facts or law in support of the claim."

[¶9.]    On January 18, 2013, Strong submitted, "APPLICANT STEPHANIE STRONG'S OBJECTIONS, MOTION, AND ORDER TO RESPONDENT'S REPUBLICAN PARTY REQUEST FOR ATTORNEY'S FEES, TAXES, AND EXPENSES PURSUANT TO THE COURT'S DECEMBER 28, 2012 RULING." She argued that her action was not frivolous or malicious because the law "was clearly broken." She requested the circuit court deny any award of attorney's fees.

[¶10.] The Intervenors filed a notice of hearing for their request for attorney's fees and expenses, which was scheduled for January 25, 2013. The hearing was rescheduled to March 22, 2013. On March 20, 2013, Strong appealed the court's order denying her application for a writ of mandamus. On the afternoon of March 21, 2013, the court sent an email to Strong, counsel for the Intervenors, and counsel for Secretary Gant informing them that Strong's appeal "deprives this court of jurisdiction," and therefore, the court would cancel "the hearing tomorrow." The court repeated, "[T]he hearing scheduled for tomorrow is off." That same afternoon, the Intervenors responded to the court's email indicating that the circuit court retained jurisdiction to determine an award of attorney's fees, despite Strong's appeal, citing *Picardi v. Zimmiond,* 2005 S.D. 24, 693 N.W.2d 656. The court, in an email, agreed and stated that the "hearing will be held tomorrow at 11 am in Pierre." It asked that everyone respond so the court would "know you will all be at the hearing tomorrow morning." Counsel for the Intervenors responded and told the court that she attempted to reach Strong by email, hand-delivered letter, phone message, and a text message. The court, in a responsive email, indicated that it had its "court reporter leave a voice mail for [Strong]."

[¶11.] On March 22, 2013, the court held a hearing on the Intervenors' motion for attorney's fees. Counsel for the Intervenors and counsel for Secretary Gant appeared. Strong did not appear. There is no transcript of the hearing in the record. In the court's memorandum decision, findings of fact, and conclusions of law, it identified that at the conclusion of the hearing, it had orally ruled that Strong's lawsuit was both malicious and frivolous under SDCL 15-17-51. The court,

however, took the issue of the amount of attorney's fees under advisement. On April 12, 2013, the circuit court sent the parties a letter indicating its intent to adopt the Intervenors' proposed findings of fact and conclusions of law that Strong's lawsuit was malicious and frivolous. The court, however, invited the parties to submit objections to the proposed findings and provide the court with additional findings of fact or conclusions of law.

[¶12.] On April 30, 2013, the court issued amended findings of fact and conclusions of law. It explained that although Strong did not appear at that hearing, she also did not take the opportunity to file additional proposed findings or conclusions after being invited to do so by the court. The court, therefore, entered an order granting the Intervenors' motion for attorney's fees in the amount of $21,257.50. The court also taxed costs and disbursements against Strong in the amount of $57.08.

[¶13.] On May 20, 2013, Strong appealed the circuit court's April 2013 order granting the Intervenors' attorney's fees and taxing costs and disbursements. She moved this Court to combine this appeal with her previous appeal of the circuit court's February 19, 2013 decision denying her application for a writ of mandamus (#26650). On July 1, 2013, this Court dismissed, by order, Strong's appeal in #26650. This appeal remains.

[¶14.] Strong presents two issues for our review:

1. *Is it error for a circuit court to hold a hearing and enter an order granting costs and disbursements absent a written objection to the taxation of costs?*

2. *Is it error for a circuit court to hold a hearing on attorney's fees during the pendency of an appeal?*

**Analysis and Decision**

[¶15.]     1.     *Is it error for a circuit court to hold a hearing and enter an order granting costs and disbursements absent a written objection to the taxation of costs?*

[¶16.]     Strong contends the court erred in holding a hearing on the Intervenors' application for taxation of costs and disbursements, because Strong did not object to the Intervenors' application and request a hearing. To Strong, without a written objection specifically from *her* and a notice of hearing filed by *her,* the court was without legal authority to hold a hearing and tax costs and disbursements under SDCL 15-6-54(d)(1).

[¶17.]     There is nothing in SDCL 15-6-54(d) that prohibits a court from holding a hearing on a party's application for taxation of costs and disbursements. On the contrary, the statute specifically allows a court to take action: costs and disbursements "shall be allowed as of course to the prevailing party unless the court otherwise directs." *Id.* Here, the court directed that costs and disbursements be taxed against Strong. Therefore, the court did not err or abuse its discretion when it taxed costs and disbursements against Strong in the amount of $57.08 after it held a hearing.

[¶18.]     2.     *Is it error for a circuit court to hold a hearing on attorney's fees during the pendency of an appeal?*

[¶19.]     Strong next claims that the circuit court was without jurisdiction to consider the Intervenors' motion for attorney's fees and expenses after Strong timely filed her notice of appeal on March 20 related to the court's order denying her application for a writ of mandamus. In addition, she contends that she relied on the court's email sent the day before the hearing, telling all parties that the March

22 hearing to address the attorney's fee motion would be cancelled because of Strong's pending appeal. She insists she was unaware that the court changed its mind and decided to hold the hearing, and therefore, asks this Court to remand the issue to the circuit court for a re-hearing.

[¶20.] The Intervenors, on the other hand, maintain that the circuit court had jurisdiction to consider the issue of attorney's fees despite Strong's pending appeal, citing *Picardi*. They further argue that although Strong did not appear at the March 22 hearing, she waived this issue because she failed to take the opportunity post-hearing to object to any lack of notice or to raise the issue of the court's jurisdiction. The Intervenors direct this Court to the circuit court's April 12 letter in which the court gave Strong the opportunity to object to the proposed findings of fact and conclusions of law and to offer any additional findings or conclusions.

[¶21.] Although we do not have a specific statute or case addressing the issue raised by Strong, certain cases from this Court establish that Strong's appeal on March 20, 2013, did not deprive the circuit court of jurisdiction to consider the Intervenors' motion for attorney's fees and expenses under SDCL 15-17-51. This is because an appeal from a judgment or order only strips the circuit court of jurisdiction over the subject matter of that judgment or order. *See Muenster v. Muenster*, 2009 S.D. 23, ¶ 32, 764 N.W.2d 712, 721; *Reaser v. Reaser*, 2004 S.D. 116, ¶ 28, 688 N.W.2d 429, 437; *In re Estate of Hoffman*, 2002 S.D. 129, ¶ 17, 653 N.W.2d 94, 100; *Cutler-Christians v. Christians*, 2001 S.D. 104, ¶ 9, 633 N.W.2d 176, 178. The court retains jurisdiction to address matters collateral to the subject matter of the appeal, matters that would not change or modify the judgment on

appeal or have the effect of interfering with this Court's review of the judgment on appeal. *Muenster*, 2009 S.D. 23, ¶ 32, 764 N.W.2d at 721.

[¶22.] The circuit court's decision on the Intervenors' request for attorney's fees is collateral to and separate from the subject matter of the circuit court's order and judgment denying Strong's application for a writ of mandamus and quashing the writ. Indeed, in *Midcom, Inc. v. Oehlerking*, we recognized that a circuit court's separate judgment awarding attorney's fees is "collateral to" and "separate from" the underlying judgment on the merits. 2006 S.D. 87, ¶¶ 16, 18, 722 N.W.2d 722, 727-28 (because Oehlerking did not timely appeal the judgment on the merits, we could only consider his timely appeal of the separate judgment awarding attorney's fees). Similarly, in *Hobart v. Ferebee*, we recognized that an appeal of a circuit court's award of attorney's fees divests the circuit court of jurisdiction to consider a party's issues related to that fee award while the appeal is pending. 2009 S.D. 101, ¶ 19, 776 N.W.2d 67, 73 (citing *Muenster*, 2009 S.D. 23, ¶ 32, 764 N.W.2d at 721 (citing *Reaser*, 2004 S.D. 116, ¶ 28, 688 N.W.2d at 437)).

[¶23.] Because Strong's appeal on March 20, 2013 did not divest the circuit court of jurisdiction to consider the Intervenors' motion for attorney's fees and expenses, we next address Strong's claim that the court erred in holding the hearing after emailing her and others that the hearing would be cancelled. For this issue, both parties rely heavily on emails sent by the court to them and from them to the court. They attach these emails and other documents to their briefs as proof of what transpired both before and after the hearing. But an appendix is not a substitute for a party's duty to "'see that the settled record contains all matters

necessary for the disposition of the issues raised on appeal, and the ultimate responsibility for presenting an adequate record on appeal falls upon the appellant.'" *See Toben v. Jeske*, 2006 S.D. 57, ¶ 11, 718 N.W.2d 32, 35 (quoting *Caneva v. Miners & Merchs. Bank*, 335 N.W.2d 339, 342 (S.D. 1983)). Moreover, "[d]ocuments in the appendix must be included within, and should be cross-referenced to, the settled record." *Klutman v. Sioux Falls Storm*, 2009 S.D. 55, ¶ 37, 769 N.W.2d 440, 454 (citing SDCL 15-26A-60(8)). Neither Strong nor the Intervenors followed these rules. Additionally, Strong did not include the transcript from the March 22, 2013 hearing in the record, thereby confining our review to the pleadings and papers transmitted from the circuit court. *See Selway Homeowners Ass'n v. Cummings*, 2003 S.D. 11, ¶ 15, 657 N.W.2d 307, 312 (quoting *Baltodano v. N. Cent. Health Servs., Inc.*, 508 N.W.2d 892, 894 (S.D. 1993)).

[¶24.] Nonetheless, it is undisputed that the court initially cancelled the hearing and, for the purposes of this appeal, we assume that Strong did not receive the court's subsequent notification that the hearing was to proceed as scheduled on March 22, 2013. However, the record makes clear that the circuit court provided Strong an opportunity after the hearing to address and challenge the court's intended findings and conclusions that Strong's action was frivolous and malicious and that the court intended to grant the Intervenors' request for attorney's fees and expenses. On April 12, 2013, the court sent the parties, including Strong, a letter inviting the parties to object to the proposed findings of fact and conclusions of law and to submit additional findings and conclusions. In its amended findings of fact and conclusions of law on April 30, 2013, the court quoted its language from the

April 12 letter and recognized that "[a]s of 6:10 o'clock p.m., CDT, 5:10 p.m., MDT, on Monday, April 29, 2013, Applicant Strong filed no objections with the court, and she filed no additional proposed findings of fact or conclusions of law with the court." Strong's (1) failure to provide the circuit court an opportunity to address the issue related to the lack of notice of the hearing, (2) her failure to object to the court's findings and conclusions that her action was frivolous and malicious, and (3) her failure to object to the court's ultimate decision to award the Intervenors attorney's fees and expenses results in her waiver of these claims on appeal. *See City of Watertown v. DM&E R.R.*, 1996 S.D. 82, ¶ 26, 551 N.W.2d 571, 577 (by not objecting to or submitting alternative findings and conclusions, the issue is not preserved for appeal). Because Strong has waived these claims, she is not entitled to relief.

[¶25.] The Intervenors moved this Court for appellate attorney's fees and expenses under SDCL 15-26A-87.3 and SDCL 15-17-51 in the amount of $14,567.02. The motion is accompanied by a verified, itemized statement of legal services rendered. SDCL 15-26A-87.3 allows an award of appellate attorney's fees in such actions where fees may be allowable. Here, SDCL 15-17-51 allows an award of reasonable attorney's fees "if the court determines that it was frivolous or brought for malicious purposes." In this appeal, Strong has not presented an acceptable argument based upon the law or evidence in support of her claims that the circuit court had no authority to tax disbursements or costs and had no jurisdiction to consider the Intervenors' motion for attorney's fees. *See Ridley v. Lawrence Cnty. Comm'n*, 2000 S.D. 143, ¶ 14, 619 N.W.2d 254, 259 (citations omitted). Therefore,

we award the Intervenors' requested appellate attorney's fees in the amount of $14,567.02.

## Conclusion

[¶26.] The circuit court did not violate SDCL 15-6-54(d)(1) when it awarded the Intervenors costs and disbursements after the March 22, 2013 hearing. The court also did not err when it held a hearing on the Intervenors' motion for attorney's fees and expenses while Strong's appeal of the underlying judgment on the merits was pending before this Court. Finally, Strong is not entitled to relief on the Intervenors' motion for attorney's fees, because Strong failed to assert her issue with the circuit court when given the opportunity to do so. Intervenors are entitled to appellate attorney's fees and expenses in the amount of $14,567.02.

[¶27.] ZINTER, SEVERSON, and WILBUR, Justices, concur.

[¶28.] KONENKAMP, Justice, deeming himself disqualified, did not participate.